JOHN WENTWORTH, in equity,

vs.

FRED A. FERNALD, Admr., and others.

York.    Opinion December 21, 1898.

*Will.   Interpretation.   Life Estate.   Income.   Rule against Perpetuities.*

It is a fundamental rule or consideration which is paramount to all others, and which should never be overlooked, that the intention of the testator as declared by the will itself shall be allowed to prevail, unless some principle of law is thereby violated.

This intention must be collected from the language of the whole will interpreted by the avowed or manifest object of the testator; and all parts of the instrument must be construed in relation to each other, so as to give meaning and effect to every clause and phrase, and if possible form one consistent whole, every word receiving its natural and appropriate meaning.

A testator gave the residue of his estate to his trustee for these purposes: " the whole net yearly income thereof shall be appropriated for the benefit of my brother . . . . and sisters . . . . and said trustee is authorized and directed to pay to or expend or invest for the benefit, comfort and support and maintenance of my said 'brother and sisters, the whole net income of said trust property, and from time to time to expend any part or the whole of any accumulation of said unexpended income which may be needed in furtherance of my general object, which I here declare to be to secure the comfort, well being and support and happiness of my brother and sisters, and I hereby devolve the duty of carrying that object into effect upon said trustee, and this net income is to be so appropriated during their joint lives and to the survivors and survivor of them.

" After the death of my brother and both of my sisters, I direct the trustee under this will before named, to apply to the judge of probate for said county of York for the appointment of trustees to be joined with the trustee under this will, who shall be duly appointed, commissioned and qualified in conjunction with the trustee under this will, receive in trust all the rest, residue and remainder of my estate and appropriate the same to the procuring suitable buildings for the purpose of an academy in said Kittery, and the net income thereafter shall be forever applied to the maintenance of an academy in said Kittery, under such rules, regulations and limitations as the trustees under this will shall then in writing and with the written approbation of said judge prescribe, . . . ."

*Held;* that the testator did not intend to make ·an absolute gift to his brother and sisters of the whole income as it accrued, but to give them the right to receive so much of the income, from time to time, as might be needed for their comfort and support; and if not all needed for that purpose, it should be invested by the trustee and allowed to accumulate in his hands.

*Also;* that they acquired the right to receive, from time to time, such part of the accumulation of unexpended income as might be needed for their support; but they did not acquire a vested interest in the whole income; and the unexpended accumulation did not become the property of either of them during life, and did not pass to his or her representatives.

*Held;* that the residuary clause creating the trust in favor of an academy is not obnoxious to the rule against "perpetuity" or "remoteness." Under the direction of the testator and the operation of law, the conditions of the trust respecting the appointment of academy trustees would necessarily be fulfilled within the prescribed time.

ON REPORT.

This was a bill of interpleader filed by the plaintiff as trustee under the will of Robert W. Traip, deceased, to obtain the instructions of the court in the discharge of his duties as trustee. The defendants are the administrators and heir of a deceased brother and two sisters of the testator, who were in their lifetime beneficiaries under the will, and the trustees of a fund, provided in the will, for the erection of an academy in Kittery.

The other facts appear in the opinion.

*J. H. & J. H. Drummond, Jr.,* for plaintiff.

*Eben Winthrop Freeman, Fred A. Fernald, Robt. Treat White-house, and Frank E. Rowell,* for defendants.

I.   Disposition of the income and accumulations of the trust fund: (1)   There is survivorship between the life beneficiaries according to the express wording of the will. *Beevor* v. *Partridge,* (1840), 11 Sim. 229.   (2) The interest of Lydia is vested.   (3) The only word of grant used by the testator is the word "appropriate", and this word is used in four places. *Watson* v. *Hayes,* (1839,) 5 Myl. & Cr. 135; *Cole* v. *Littlefield,* (1853), 35 Maine, 439.

The language "for the benefit of Oliver, Lydia and Mary" imports an absolute gift.   So with the expression "for the benefit, comfort, and support and maintenance" and the expression "com-

fort, well being and support and ·happiness." *Hoath* v. *Hoath*, (1785,) 2 Bro. C. C. 3; *Barber* v. *Barber*, (1838,) 3 Myl. & Cr. ·638; *Webb* v. *Kelly*, (1839,) 9 Sim. 469; *Rudland* v. *Crozier*, (1858,) 2 DeG. & J. 143; *In re Hart's Trusts*, (1858,) 3 DeG. & J. 195; *Prescott* v. *Morse*, (1873,) 62 Maine, 447; *Warren* v. *Webb*, (1878,) 68 Maine, 135; *Beevor* v. *Partridge*, (1840,) 11 Sim. 229.

(4)     After words of absolute gift of income, no succeeding equivocal expressions of a contrary tendency are effective.     1 Jarm. Wills, 448, 769; *Dodson* v. *Hay*, (1791,) 3 Bro. C. C. 404; *Beevor* v. *Partridge*, (1840,) 11 Sim. 229; *Ramsdell* v. *Ramsdell*, (1842,) 21 Maine, 288; *Stuart* v. *Walker*, (1881,) 72 Maine, 145; *Mitchell* v. *Morse*, (1885,) 77 Maine, 423; *Williams* v. *Bradley*, (1861,) 3 Allen, 282.

Succeeding repugnant and inconsistent statements are held advisory, and are otherwise of no effect. *Illsley* v. *Illsley*, (1888) 80 Maine, 23.

5.     Lydia's interest being a vested interest, the income and its accumulations became hers. *Dodson* v. *Hay*, (1791) 3 Bro. C. C. 409; *Webb* v. *Kelly*, (1839) 9 Sim. 469; *Beevor* v. *Partridge*, supra.

6.     Instead of "Trustee is authorized and directed to pay to or expend or invest for" the life cestui, read, "Life cestui is entitled to payment, investment and expenditure." *Earle* v. *Rowe*, (1853) 35 Maine, 419.

7.     Interest on income, or accumulations of income, or increment of income, belong to life tenant if fund is vested, even though the fund be vested subject to be divested. *Nichols* v. *Osborne*, (1727) 2 P. Wms. 419. *In re Hart's Trusts*, (1858), 3 DeG. & J. 202.

The right to intermediate rents and profits does not go over unless a reference to the will shows they have been omitted by some clerical error. *Harvey* v. *Cooke*, 4 Russ. 34.

8.     And income of accumulations follows the accumulations.     1 Perry on Trusts, § 397.

9. There is never power in trustee to withhold after absolute gift of income.

10. For convenience in laying hold of testator's intent it has been ruled that words occurring more than once in a will shall be presumed to be used always in the same sense, unless the context shows a contrary intention. Schouler on Wills, § 471; 1 Jarm. on Wills, *842; Bigelow on Wills, p. 192.

II. Disposition of the corpus or principal fund after deducting the income and accumulations:

This interest or remainder over was contingent and not vested. *Duffield* v. *Duffield*, (1829) 3 Bli. N. S. 333; *Snow* v. *Snow*, 49 Maine, 159, 164. The case falls therefore within the rule against perpetuities. Gray on Perpet. § 629. The rule applies to equitable estates and to gifts to charities and charitable institutions. Gray on Perpetuities, §§ 323, 592; 1 Perry on Trusts, § 737; *Coms. of Charitable Donations* v. *De Clifford*, 1 Dru. & W. 245, 253; *Smith* v. *Townsend*, (1859), 32 Pa. St. 434; *Jocelyn* v. *Nott*, (1876), 44 Conn. 59; *Merritt* v. *Bucknam*, (1885), 77 Maine, 259; *Tollemache* v. *Earl of Coventry*, (1834) 8 Bli. N. S. 547; *Rose* v. *Rose*, (1863) 4 Abb. 108.

The law favors that construction which prefers the testator's kin to strangers. Schouler on Wills, § 479.

The cy pres doctrine cannot be invoked in such a case. Tied. on Real Prop. 544.

SITTING: PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

WHITEHOUSE, J. This is a bill in equity brought to obtain a judicial construction of the will of Robert W. Traip.

After giving to his wife an annuity of three hundred dollars, payable semi-annually, and making three other absolute bequests of five hundred dollars each, the testator makes the following disposition of the "rest, residue and remainder" of his property, viz:

" All the rest, residue and remainder of my estate, whether real or personal, and wherever and however situated, I give, devise and

bequeath unto Wm. H. Y. Hackett, of Portsmouth, in the County of Rockingham and State of New Hampshire, Counsellor at law, to have and to hold the same, to him and his assigns and successors in trust for the following named uses and purposes, that is to say, the whole net yearly income thereof shall be appropriated for the benefit of my brother Oliver Traip and my sisters Lydia Traip and Mary Traip, and said trustee is authorized and directed to pay to or expend or invest for the benefit, comfort and support and maintenance of my said brother and sisters, the whole net income of said trust property, and from time to time to expend any part or the whole of any accumulation of said unexpended income which may be needed in furtherance of my general object, which I here declare to be to secure the comfort, well being and support and happiness of my brother and sisters, and I hereby devolve the duty of carrying that object into effect upon said trustee, and this net income is to be so appropriated during their joint lives and to the survivors and survivor of them.

"After the death of my brother and both of my sisters, I direct the trustee under this will before named, to apply to the Judge of Probate for said County of York for the appointment of trustees to be joined with the trustee under this will, who shall be duly appointed, commissioned and qualified in conjunction with the trustee under this will, receive in trust all the rest, residue and remainder of my estate and appropriate the same to the procuring suitable buildings for the purpose of an Academy in said Kittery, and the net income thereafter shall be forever applied to the maintenance of an Academy in said Kittery, under such rules, regulations and limitations as the trustees under this will shall then in writing, and with the written approbation of said Judge, prescribe."

The testator died in November, 1864, and the trustee Hackett, named in the will, accepted the trust and in the discharge of his duty under the foregoing provisions of the will expended money out of the income of the property for the support of the testator's brother Oliver and sisters Lydia and Mary, until the death of Mary in 1867; and thereafter paid over to Oliver and Lydia so much of the income as was requested by them or either of them,

until his own decease in 1879.　The complainant Wentworth having been duly appointed Hackett's successor as trustee of the particular estate, continued in like manner to pay over to Oliver and Lydia such portions of the income as was requested by them, until the death of Oliver in 1888, and thereafter to Lydia such part of the income as was required by her until her decease in 1897.

No question is raised in relation to the share of the income payable to the sister Mary. But it appears that, at the time of the death of the brother Oliver, the trustee had not in fact paid over all of the income received by him from the trust fund, and held in his hands all of the accumulated income.

The administrator of Oliver's estate claims that the entire income was an absolute gift to the brother and sisters, and vested in them as it accrued, and accordingly claims one-half of the accumulated income in the hands of the trustee at the death of Oliver. The administrator of the estate of Lydia claims that all the accumulated income vested in Lydia as the survivor and became her property during her lifetime and that at her decease it must all go to him as her legal representative.

On the other hand, the respondents who were appointed trustees to receive and appropriate "all the rest, residue and remainder" of the estate to establish an academy in the town of Kittery, claim all of the accumulated income as well as the principal of the fund, under the residuary clause in the will, and deny that the representatives of the deceased brother and sister, or the representative of the survivor of them, can have any legal claim whatever to any part of the accumulated income.

As is usual in this class of cases, respectable authorities have been cited, and many rules of construction invoked by the learned counsel in support of their respective contentions. With reference to this perplexing branch of the law, Judge Story made the following observation a half century ago, in *Sisson* v. *Seabury*, 1 Sumn. 235: "The cases almost overwhelm us at every step of our progress; and any attempt even to classify them, much less to harmonize them, is full of the most perilous labor. To lay down any positive and definite rules of universal application in the interpre-

tation of wills, must continue to be, as it has been a task, if not utterly hopeless, at least of extraordinary difficulty." The analogies afforded by precedents are helpful servants, but dangerous masters. The same clause or phrase may appear to demand the same construction in the principal case as in the one cited; but a more discriminating inspection may disclose an important difference in the leading purpose of the testator, or in the modifying effect of another clause, and thus the force of the precedent be effectually destroyed. To a very great extent the decisions necessarily resolve themselves into the judgment of the court upon the circumstances of each particular case.

Again, there are certain rules of construction which have been sanctioned by the experience of courts as helpful in a majority of cases; but while they are not to be lightly disregarded, they are not to be blindly followed as inflexible guides. There is, however, one fundamental rule or consideration which is paramount to all others, and which should never be overlooked, and that is, that the intention of the testator as declared by the will itself shall be allowed to prevail, unless some principle of sound policy is thereby violated.

This intention must be collected from the language of the whole will interpreted with reference to the avowed or manifest object of the testator; and all parts of the instrument must be construed in relation to each other, so as to give meaning and effect to every clause and phrase, and if possible form one consistent whole, every word receiving its natural and appropriate meaning.

I. So here all of the provisions of the will relating to the income of the fund must be construed together in seeking to discover the real purpose of the testator in regard to the disposition of it. The clause by which the trustee is "authorized and directed to pay to or expend or invest for the benefit, comfort and support of my said brother and sisters, the whole net income of said trust property," considered apart from the clauses immediately following, might give color to the claims of the representatives of the testator's brother and sister as importing an absolute gift of the income

as it accrued.  But a different complexion is put upon it by the
next clause, as follows:  "And from time to time to expend any
part or the whole of any accumulation of said unexpended income
which may be needed in furtherance of my general object, which I
here declare to be to secure the comfort, well being and support
and happiness of my brother and sisters, and I hereby devolve the
duty of carrying that object into effect upon said trustee, and this
net income is to be so appropriated during their joint lives and to
the survivors and survivor of them."    When the authority given in
the former clause to "expend or invest" the income for the com-
fort and support of his brother and sisters, is considered in connec-
tion with the direction in the latter, to expend such part of the
accumulation of the unexpended income as "may be needed" in
furtherance of the testator's object, it becomes clear that the inten-
tion was not to make an absolute gift to the brother and sisters of
the whole income as it accrued, but to give them the right to
receive so much of the income, from time to time, as might be
needed for their comfort and support; and if not all needed for
that purpose, it should be invested by the trustee and allowed to
accumulate in his hands.    They also acquired the right to receive,
from time to time, such part of the accumulation of unexpended
income as might be needed for their support.    If not all needed in
furtherance of the testator's object, it might happen, as it did hap-
pen, that at the death of the survivor there would be in the hands
of the trustee an accumulation of unexpended income.    But as the
brother and sister did not acquire a vested interest in the whole
income, the accumulation of the unexpended income in the trustee's
hands at the death of Oliver had never become the property of
Oliver in his life time and hence did not pass to his representative,
but remained in the hands of the trustee for the benefit of the sur-
vivor if needed.    For the same reason the accumulation of unex-
pended income in the hands of the trustee at the death of Lydia,
the survivor, never became her property but was held in trust for
her benefit during her lifetime if needed.  The duty of paying over
so much of the income and accumulation of unexpended income as
might be "needed" had been distinctly devolved upon the trustee

by the express terms of the will; and the case shows that the trustees respectively paid over so much of the income and accumulation of income as was requested by the beneficiaries from time to time. If any complaint had ever been made that the beneficiaries were not receiving all that they needed for their support, this court would undoubtedly have had jurisdiction of the matter in equity to protect their rights by appropriate decrees. But the question was never raised; and all of the accumulation of income remaining in the hands of the trustee at the death of the survivor, became a part of the "rest, residue and remainder" to be appropriated to the establishment of an academy under the ultimate trust in the will.

Analogous situations and inquiries were presented in the following cases, and the conclusions reached are in harmony with the views here expressed. *Minot* v. *Tappan*, 127 Mass. 333; *Horwitz* v. *Norris*, 49 Penn. St. 213; *Cole* v. *Littlefield*, 35 Maine, 439.

II.  But it is further contended that the residuary clause of the will creating the ultimate trust in favor of an academy is void under the rule against perpetuities, and hence that the principal fund in the hands of the complainant, and the accumulation of income also, if not payable to the representative of the survivor under the former trust, must go to all the heirs as intestate property. It is argued that there is nothing in the language of the will which necessarily required the complainant to make application for the appointment of academy trustees within a life or lives in being and twenty-one years after the death of the testator, and nothing to prevent an indefinite continuance of the fund in the hands of the complainant if, in his judgment, it should be deemed advisable to await further accumulation of the estate.

But this position is clearly untenable. It is undoubtedly true, that even a public charitable trust may be created upon conditions that are obnoxious to the rule against "remoteness" with respect to the time within which the estate given to charity must begin. *Merritt* v. *Bucknam*, 77 Maine, 259; *Brooks* v. *Belfast*, 90 Maine, 318.

It has been seen in this case, however, that the testator directs the trustee, "after the death" of his brother and sisters to apply for the appointment of trustees who, in conjunction with himself, shall receive "all the rest, residue and remainder" of the estate, and appropriate a sufficient sum to purchase buildings for an academy to the support of which all of the net income, should thereafter be applied. There is no suggestion or intimation that the original trustee might, in the exercise of his discretion continue to hold the fund for further accumulation before applying for the appointment of academy trustees. By a reasonable construction of the language of the will, the complainant was required to proceed immediately, or as soon as practicable, after the termination of the life interests, to make application for the appointment of the academy trustees. The probate court was required by law to make such appointment; and as an illustration of its feasibility, it may be observed that the academy trustees appear to have been duly appointed under the residuary clause in the will, within a year after the termination of the former trust, and are made parties defendant to this bill.

It is furthermore a maxim in equity that a valid trust once created shall not be allowed to fail for want of a trustee. 1 Perry on Trusts, § 38; *Swasey* v. *Am. Bible Soc.*, 57 Maine, 523. There is nothing in the language of the will to preclude the intervention of the court for the purpose of upholding the trust by the appointment of trustees. On the contrary, under the direction of the testator and the operation of law, the conditions of the trust respecting the appointment of academy trustees would necessarily be fulfilled within the prescribed time, and the rule against "perpetuity" in its technical signification, or more properly speaking, against "remoteness" would not be contravened. 2 Pom. Eq. § 1026; Perry on Trusts, § 733; *Swasey* v. *Am. Bible Soc.*, 57 Maine, supra; *Howard* v. *Am. Peace Soc.*, 49 Maine, 288; *Preacher's Aid Soc.* v. *Rich*, 45 Maine, 553; *Inglis* v. *Trustees of Sailor's Snug Harbor*, 3 Pet. 99; *Ould* v. *Washington Hospital*, 95 U. S. 303; *Sanderson* v. *White*, 18 Pick, 336; *Odell* v. *Odell*, 10 Allen, 1. Indeed, this provision of the will is not distinguish-

able with respect to this objection, from the ordinary direction of a testator for the appointment of executors.

The result is that the entire income, as well as the principal of the estate, is payable to the trustees under the residuary clause of the will.

*Decree accordingly.*