BERT E. DODGE, In Equity

*vs.*

CHARLES F. DODGE, et als.

Lincoln.    Opinion November 5, 1914.

*Beneficiaries.    Bequest.    Forfeiture.    Release.    Remainder.    Trust.    Trustees.*
*Waiver.    Will.*

1.   It is settled law that, if the trust fail, as it would by the death of a beneficiary, the devise being to the trustees for a specific purpose only, they hold the property for the testator's heirs at law, as a resulting trust, and are answerable to them for it.

2.   · The law favors vested estates and does not favor intestacy as to any part of the estate of a testator.

3.   Construing Item 29 of the will in the light of the evident intention of the testator, as gathered from the whole will; *held*, that the testator did not intend that the residuary estate should vest in the beneficiaries, but clearly did intend that when the purposes of the trust were accomplished, the remainder, if any, should vest in his heirs at law.

4.   The effect of the waiver is that the beneficiaries voluntarily place themselves in the position of general heirs with all the other heirs at law of the testator, and the fund becomes at once the property of all the heirs at law of the testator.

5.   The same rule applies when the property devised is more than is needed to support the trust, and when the trust is not sufficiently defined to enable the court to carry it out.

On report. Bill sustained. Decree in accordance with this opinion.

This is a bill in equity praying for a termination of the trust under the will of Isaac Dodge, late of Newcastle, deceased, and the distribution of the remainder of his estate. The defendants filed answers to said bill. The cause was reported to the Law Court, to be decided upon the facts stated in the bill.

The case is stated in the opinion.

*A. S. Littlefield,* for plaintiff.

*William T. Hall,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

HANSON, J. Bill in equity to terminate a trust under the will of Isaac Dodge, late of Newcastle, Lincoln County, with request for instruction to the trustees as to the distribution of the remainder, reported to this Court for determination.

The will was dated January 28, 1895. The testator died Oct. 24, 1896, leaving a widow, three sisters, a brother, and many nephews and nieces. He had no children. The estate was large and many bequests were made. The executors settled various accounts, and made distribution under the will, and in March, 1900, turned over the balance of the estate to the trustees.

The questions raised require consideration of the residuary clause in the will, which reads as follows: "Item 29. All of the rest, residue and remainder of my estate, both real, personal and mixed, including all rights of reversion and remainder, I give, devise and bequeath to Thomas C. Kennedy, Arabella Dodge, both of Newcastle, Maine, and William A. McKenney of Boston, Mass.; but in trust nevertheless for the use and purpose hereinafter named, viz: If the necessity arises that either of my brother or sisters, nephews and nieces who may survive me, may require a larger amount of money than I have by this will given and bequeathed to them, in order to insure in sickness or old age their proper care, victualing, clothing, nursing and medical attendance, it is my will that my said trustees, Thomas C. Kennedy, Arabella Dodge and William A. McKenney at once fully provide for their necessities from this amount so allowed

and held in trust by them" and also the following agreement and waiver signed by all the beneficiaries under the trust:—

"WHEREAS the Supreme Judicial Court for the State of Maine have construed the will of Isaac Dodge, late of Damariscotta, in the County of Lincoln in said State; and said Court has intimated in its opinion, that the trust therein created might be terminated and said estate divided, if all the beneficiaries under said trust should release or waive their rights and claim under it:

Now THEREFORE, we the undersigned, being of full age and competent to act, and being all the beneficiaries under the trust covering the residuary estate created by said will, do hereby, each in consideration of the agreement of the other so to do, herein contained, release and waive all our claims and rights under said trust and release and discharge said Trustees from all responsibility and liability with reference thereto, if and when said trust shall be terminated under the direction and by order of Court; and do request that said trust be ended and terminated, and the property remaining in said trust divided in accordance with said will and according to law.

And we do appoint William T. Hall our true and lawful attorney in fact in the premises, to do for us, our heirs and assigns, all such things as may be necessary to accomplish the termination of said trust and the disposition of the residuary estate; and to represent us in all proceedings therefor, with full power and authority to waive, if he may see fit, service of any process issued therein and appear in Court as our attorney, thereby binding us to all proceedings which may be taken therein.

Signed this                    day of January, A. D. 1914."

The will in this case was before this Court in a bill filed by the trustees of the residuary estate praying for a construction thereof, and it was then held (111 Maine, 246) "that the trust will continue until all its expressed purposes have been accomplished, unless all the beneficiaries shall sooner release their rights to claim under it." The conclusion therein reached is in harmony with an uninterrupted line of cases holding that upon the performance of all the conditions of the trust, or when all the beneficiaries shall release their rights thereunder, such trust may be terminated. *Paine* v. *Forsaith*, 86 Maine, 357, citing Perry on Trusts, Sec. 920; *Smith* v. *Harrington*, 4 Allen, 566; *Bowdwich* v. *Andrews*, 8 Allen, 339; *In re Harrar's estate*, Sup. Court,

Penna., 91 Atl., 502; *Morse* v. *Morrell,* 82 Maine, 80; *Tilton* v. *Davidson,* 98 Maine, 55; *Gardner on Wills,* 542, Note.

The right to terminate the trust being undoubted, and the beneficiaries having voluntarily sought such termination, there remains but one question for solution,—to whom shall the remainder be distributed?

All surviving beneficiaries are made parties defendant, together with the legal representatives of beneficiaries deceased since the death of the testator, as well as all surviving relatives who are not mentioned in the will who may claim as heirs at law of Isaac Dodge in case intestacy is declared as to any portion of his estate.

The determination of the question depends, (1) upon the character of the interest created by Item 29, (2) the effect, if any, of the waiver filed in the case upon the interest of the beneficiaries.

1.   It is evident from the reading of the whole will that the testator was not hostile to his relatives who are not mentioned in the will. His testamentary disposition toward those to whom bequests were made was based upon special solicitude for their welfare during their lives, thus exhibiting a special interest in each individual so named. His reason for thus discriminating between his relatives may have been due to his knowledge of the existing necessities, and his judgment of what the future necessities of each might be, and his belief that the relatives not named would not need any part of his estate. However that may be, it is very clear that while his main purpose in establishing the trust was to insure the beneficiaries against want in sickness and old age, he was not averse to the idea of intestacy of a portion of his estate, if for any reason his purposes were frustrated, or his wishes were not carried out.   He was not only presumed to know the law in relation to such provision in a will, but the will discloses that he did know that if for any reason the trust should fail in its operation, if in the judgment of the trustees no part of the residuum was needed by the individuals named in the trust, or if any part hereof remained at the death of the last beneficiary, that such amount, whatever it might be, would vest in his heirs at law.   His familiarity with the law, and his disposition to allow part of his estate to vest in his heirs at law, is plainly seen in the language used in item 26 directing the disposal of $5,000 intended for the Second Congregational Church of Newcastle, where provision is made "that if the church suffers or allows this gift to be diverted, or used for any

other purpose than herein willed and directed, then it is my will that the above gift and bequest revert to my heirs for their use and benefit forever."

In construing item 26, when the subject was first before the court, as in 111 Maine, 246, supra, the question was raised "whether if at *any future time* there shall be a forfeiture of said bequest, the same will become a part of the residuary estate, or go directly to the heirs." We answered, "that the testator gave the fund to the church. It is not and cannot be a part of the residuary estate. The trustees have nothing whatever to do with the administration of the fund. That is a matter which concerns only the church and the testator's heirs." While the law favors vested estates, and does not favor intestacy as to any part of the estate of a testator, there is no room for the application of either principle in the case at bar, for we must construe the item in question in the light of the first and most potent rule of construction,—the evident intention of the testator as gathered from the whole will. Applying that rule, our construction of item 29 is that the testator did not intend that the residuary estate should vest in the beneficiaries, but clearly did intend that when the purposes of the trust were accomplished, the remainder, if any, should vest in his heirs at law. There is no limitation over, and nothing in the will to indicate any other purpose on his part, and the inferences and presumptions arising from reading the will make any other conclusion impossible.

We are therefore led to conclude that, when the trust is terminated as provided herein, the residue in the hands of the trustees will vest immediately in the heirs at law of Isaac Dodge.

2. The effect of the waiver is just what is stated therein,—a release of all claims and rights under the trust, and a release and discharge of the trustees from all responsibility and liability with reference thereto. The beneficiaries voluntarily place themselves in the position of general heirs with all the other heirs at law of the testator, and the fund for a time subject to their individual rights becomes at once the property of all the heirs at law of the testator. The law so directs, and there can be no doubt that the testator so intended.

It is settled law that if the trust fail, as it would in this case by the death of the beneficiaries, the devise being to the trustees for a specific purpose only, they hold the property for the testator's heirs at law, as a resulting trust, and are answerable to them for it. The same

rule applies when the property devised is more than is needed to support the trust, and where the trust is not sufficiently defined to enable the court to carry it out.

Gardner on Wills, page 543, and cases cited, among which are *Eastabrooks* v. *Tillinghast*, 5 Gray, 17, 21; *Sears* v. *Hardy*, 120 Mass., 524, 542; *Nichols* v. *Allen*, 130 Mass., 211, 221; *Olliffe* v. *Wells*, 130 Mass., 221, 223; *St. Pauls Church* v. *Atty. Gen.*, 164 Mass., 188, 197.

Where a devise of an estate is rejected by the devisee, and there is no other disposition of the estate in the will, it will descend to the heirs at law. *Bugbee* v. *Sargent*, 23 Maine, 269. The same doctrine was followed by this Court in *Wentworth* v. *Fernald*, 92 Maine, 282, where it was held that when there is merely a gift for maintenance and support, the beneficiary is only entitled to adequate maintenance, and any surplus goes to the testator's estate. Gardner on Wills, 490, citing 42 Atl., 550, and *McKnight's Ex'rs* v. *Walsh*, 24 N. J., Eq., 498. See *Fogler* v. *Titcomb*, 92 Maine, 184; *Small* v. *Thompson*, 92 Maine, 539.

All parties interested having joined in the petition to terminate the trust under consideration, and as no other persons will be injured thereby, decree will be entered terminating the same. Upon entry of such decree, distribution of the residue of the estate of Isaac Dodge will be made by the trustees as follows: One-seventh to the surviving sister, Susan McKenney; the remaining six-sevenths to the descendants of the deceased brothers and sisters of Isaac Dodge, by right of representation.

Reasonable counsel fees and costs will be allowed by the Justice settling the final decree, to be paid by the trustees and charged in their account.

*Bill sustained.*
*Decree in accordance with this opinion.*