NOBLE et al. v. NOBLE et al.

No. 33977.    May 29, 1951.

Rehearing Denied July 3, 1951.

Application for Leave to File Second Petition for Rehearing Denied Sept. 18, 1951.

*235 P. 2d 670.*

Embry, Johnson, Crowe, Tolbert & Shelton, Oklahoma City, and Steele & Boatman, Okmulgee, for plaintiffs in error.

Kenneth H. Lott, Okmulgee, and Horsley, Epton & Culp, Wewoka, for defendants in error.

HALLEY, J.  E. T. Noble was a resident of Okmulgee county, Oklahoma, where he died on April 10, 1940, leaving as his sole and only heirs at law his wife, Coral L. Noble, and an adopted daughter, Nancy Lee Noble Watkins. During his lifetime Mr. Noble was a successful practicing lawyer at Okmulgee, and accumulated a large fortune in the oil business.  The executrix of his estate received during the period of administration, which was over eight years, the gross amount of $1,144,798.41 (a net income of approximately $660,-000) which was derived principally from the sale of oil from producing oil properties.  Mr. Noble had no children other than his adopted daughter, Nancy Lee, upon whom he showered unusual kindness. He was a man of great family responsibility and contributed to the education of many nieces and nephews, and also assisted various relatives of his wife.  At the time of his death he was 70 years of age.  Mr. and Mrs. Noble were married in June, 1903, and lived together as husband and wife until his death.  At the time of their marriage they had no money or property.

On April 25, 1939, Mr. Noble executed his last will and testament, which was admitted to probate May 8, 1940. Coral L. Noble, his widow, was appointed and qualified as executrix, and has continued to serve since that time.  The

will was construed by the county court to mean that Mrs. Noble would receive the entire income from the estate. The will provided in Article VII as follows:

"All the rest and residue of my estate, both real, personal, and mixed, I give, devise and bequeath unto my beloved wife, Coral L. Noble, for her lifetime, with power to manage and control such estate during her lifetime, and, if deemed advisable, to sell and dispose of any or all property of said estate, and to reinvest the proceeds from such sale in other properties and to use all the income and such part of the principal of the estate as she may desire for her support and maintenance."

Mrs. Noble was advised by her counsel that under this provision of the will she was entitled to all the income from the estate. It was never necessary for Mrs. Noble to invade the corpus of the estate and dispose of it, although she had the right to do so under the provisions of the will if it became necessary to do so for her support and maintenance. A widow's allowance of $500 a month was made to Mrs. Noble, and in addition thereto she was advanced $265,000, the order allowing approximately $225,000 of which was vacated on account of insufficient notice; but on June 23, 1948, on the hearing on the final account and petition for distribution, the county court of Okmulgee county held that she took a conventional life estate and was entitled to all of the income, without restriction; and since the estate produced in excess of the amount advanced, the premature distribution to her constituted harmless error. Plaintiffs in error perfected an appeal to the district court of Okmulgee county, and in due time the same came on for trial upon the issues set forth in the objection of plaintiffs in error, and notice of appeal, wherein they appealed from both questions of law and fact. On July 12, 1948, the district court of Okmulgee county entered its judgment approving the final account, distributing the estate, and discharging the executrix, which judgment construed the will of E. T. Noble

and interpreted it to give Coral L. Noble all of the income from the property of which E. T. Noble died seized, but held that she was without right to pass any of the property by will, and that upon her death all that remained of the income and corpus of the estate of E. T. Noble would pass and be distributed to the parties mentioned in Article VIII of the will, which is as follows:

"At the date of the death of my beloved wife, Coral L. Noble, I give, devise and bequeath all the rest and residue of my estate remaining at that time, both real and personal, including all of the principal and unexpended income therefrom, and including any properties which may have been acquired by my said wife from the income or sale of the properties herein bequeathed to her, to the following named persons, to-wit:

"A. One-third, I give, devise and bequeath to the heirs of the father of my wife, Coral L. Noble, said heirs to take by right of representation; such heirs to be determined as of the date of the death of my wife, Coral L. Noble.

"B. One-third, I give, devise and bequeath to the heirs of my father, Aaron W. Noble, deceased, said heirs to take by right of representation, such heirs to be determined as of the date of the death of my wife, Coral L. Noble, provided, however, that if my nephews, George T. Noble and William N. Gibson, and my niece, Genevieve Long, shall all be living on said date, they shall take per capita.

"C. The remaining one-third I give, devise and bequeath to my beloved daughter, Nancy Lee Noble. . . ."

Plaintiffs in error appealed to this court.

The question to be determined in this lawsuit is whether Article VII of the will gave to the widow, Coral L. Noble, during her lifetime, all of the income from the estate of her deceased husband, or whether it gave her only what she might desire for her support and maintenance. The plaintiffs take the latter position.

It has long been the rule in Oklahoma that the primary consideration in construing wills is to ascertain the intention of the testator in making the same, and that this intent must be ascertained by the language employed in making the will, except in cases where the language is ambiguous and uncertain and fails to show clearly the intent of the testator, in which case the court may take into consideration the circumstances and conditions surrounding the testator and his relations to those named as beneficiaries, their affections or lack of affections, the condition of his family, the amount and character of property, the estate or property devised, their manner of living, the means provided, as well as their culture and happiness; but where the testator's intention is plainly expressed in the will, the court cannot deduce from the surrounding circumstances an intention different therefrom. In re Friss' Will and Estate, 45 Okla. 399, 149 P. 1176. Section 151, Title 84, O.S. 1941, provides that a will is to be construed according to the intention of the testator, and where his intention cannot have effect to its full extent, it must have effect as far as possible. We said in Cobb v. Newman, 201 Okla. 318, 205 P. 2d 858, in the first syllabus of that opinion:

"The object and prime purpose in the construction of any will is to arrive at and give effect to the intention of the testator. And in ascertaining such intention the will is to be considered as a whole and the several provisions thereof in their relation to each other."

In our opinion, E. T. Noble intended that his wife have a full life estate as to all his property except as to certain specific bequests made in his will. Our reason for arriving at this conclusion is that E. T. Noble and Coral L. Noble had lived together as husband and wife for over 36 years at the time the will was executed; Mr. Noble was a capable lawyer and knew that Mrs. Noble could elect under our laws of descent and distribution to take one-half of the entire estate or to take under the will; and we are certain that he did not intend that his wife should be limited to her support and maintenance because of his liberality with her and the daughter through the years. Under Article VII of the will it is clear that he understood that Coral L. Noble was to get a full life estate in all of the residuary property. In the first part of Article VII, he definitely gave her this life estate, and we quote the language:

"All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath unto my beloved wife, Coral L. Noble, for her lifetime, with power to control such estate during her lifetime, . . ."

At that point there can be no question that she had a full life estate. To give her greater powers than she would have had under a conventional life estate, he then provided that if it should be deemed advisable, she had the power to sell and dispose of any or all property of the estate, and to reinvest the proceeds from such sale in other properties, and to use all the income and such part of the principal of the estate as she might desire for her support and maintenance. We do not think that the last clause of this article, " * * * as she may desire for her support and maintenance", in any way limits what Mrs. Noble was to take from the estate. This clause would be an atttempt to restrict what was given Mrs. Noble, and, as we have said, we do not believe that was the intention of the testator, because, if that were carried out, under the terms of this will Mrs. Noble would be allowed to take out of the estate only enough for her support and maintenance and nothing for the support and maintenance of the daughter, and it would permit her no funds with which to maintain herself in the manner to which she had been accustomed as his wife. It would not permit any contributions of any nature whatsoever to any person or organization. What Mr. Noble had in mind with this last clause is not clear, but we are certain that

he did not desire to take any of the income of his estate away from Mrs. Noble and was limiting only the corpus of the estate to her support and maintenance. There is no question but that at her death he expected all of the unexpended income, and all of the principal, to be distributed as directed in Article VIII, and there is no complaint from Mrs. Noble as to this provision of the will.

The plaintiffs in error have submitted a very able brief, and have cited numerous authorities to sustain their position. Some of the cases are quite similar to the case at bar in so far as the provisions as to support and maintenance are concerned—especially Bunker v. Bunker, 130 Me. 103, 154 Atl. 73; Wentworth v. Fernald, 92 Me. 282, 42 Atl. 550; Little v. Geer, 69 Conn, 411, 37 Atl. 1056; Brown v. Brown, 213 Iowa 998, 240 N.W. 910; In re Rumsey's Estate, 287 Pa. 448, 135 Atl. 119. There are some distinguishing characteristics, but if there were not, we would not be disposed to follow those cases, because under the facts surrounding the Noble will, we are convinced there was no intention of the testator to limit Mrs. Noble in the expenditure of the income from his estate.

Apparently, this is the first time a will with the provisions herein contained has come before us. The defendants in error have cited the case of In re McCready's Will, 259 N.Y.S. 512 (affirmed in 263 N.Y. 602, 189 N.E. 718). In that case the will was quite similar to the Noble will, and gave to the testator's widow an absolute and unrestricted life estate in the residue, and not merely comfortable support, with respect to the right to accumulated income, under the provision of the will giving her the residue for life and providing that she should have sole possession, control, and management of the residue and remainder of the estate, with authority to continue testator's business or to sell it and re-invest the proceeds, and giving her the power to sell and convey all testator's real

estate and to purchase other property, taking title thereto in her own name, and authorizing her to take, use, and expend both principal and income for her comfortable support, without interference or hindrance, and without liability to account to anyone for anything she might do. We think the rule laid down in that case, that an estate given in clear and decisive terms will not be taken away or cut down by subsequent clause, unless the subsequent clause is as positive as the words giving the estate, is the proper one.

We think that the judgment of the trial court in this matter was correct, and the same is affirmed.