Larry James HEIN and Wanda Jean Hein Van Camp, Plaintiffs in Error,

v.

Walter Lee HEIN, Defendant in Error.

No. 41510.

Supreme Court of Oklahoma.

July 18, 1967.

Rehearing Denied Sept. 12, 1967.

Sparks, Boatman & Rizley, Bryan Billings, Woodward, for plaintiffs in error.

Marshall Word, Arnett, for defendant in error.

PER CURIAM:

This appeal presents the question whether adopted children come within a class created by testamentary disposition of a life estate with the remainder over in equal shares to "the children" of the life tenant? The question evolves out of the trial court's judgment in plaintiff's favor in an action brought to quiet title to certain real property.

Charles B. Hein, a widower, was the father of two sons. One, James C. Hein, was the natural father of Larry James Hein and Wanda Jean Hein, who were the defendants in the trial court. The other, Willie C. Hein, was the natural father of Walter Lee Hein, plaintiff in the trial court. In 1948 defendants' mother divorced their natural father (James), and in 1949 married his brother, Willie C. Hein.

On March 27, 1951, Charles B. Hein made testamentary disposition of his affairs. Under terms of the will both sons and the plaintiff (grandson) received specified real and personal property. Testator also devised a life estate in a described tract of land, under conditions not here material, to James C. Hein with the remainder in fee simple "unto the children of James C. Hein, in equal shares." An identical provision involving another tract gave a life estate to Willie with the remainder to his children in equal shares.

Following testator's death, September 3, 1952, the estate was administered upon and a final decree and order of distribution entered March 25, 1953, by the Ellis County Probate Court. Under the provisions of

the decree specific real property was set over to the named devisees in accordance with the provisions of the will, who took possession of their properties.

In an adoption proceeding in the County Court of Ellis County, wherein their father (James) filed written consent, the defendants were adopted by Willie C. Hein on July 7, 1954, and thereafter made their home with the adoptive father. Subsequently (January 30, 1960) James Hein died, and their adoptive father died December 20, 1963.

Following Willie Hein's death the plaintiff, his natural son, brought the present action to quiet title. The petition alleged termination of the life estate granted by testator; and that plaintiff was the sole child of the life tenant and entitled to the remainder in fee simple, as against any and all claims of defendants.

Defendants answered admitting Willie C. Hein, the life tenant, died intestate leaving plaintiff as his natural born son. Defendants alleged, however, that by adoption they were lawful children of their father with all rights of natural children; that in making his will the testator contemplated that Willie Hein might have other natural or adopted children who would be living at the time of his death and who would share in the remainder estate; that upon his death defendants were among the children of Willie Hein and entitled to equal shares in the property, and an undivided one-third interest therein should be quieted in each defendant.

The matter was tried to the court and submitted upon briefs for consideration. The trial court rendered findings of fact and conclusions of law by written memorandum. After determining the facts, as to which there was no controversy, the court found the basic problem to be that of determining the testator's intent in execution of the will.

█ The trial court found that the reasoning upon which we based the conclusion stated in In re Ware's Estate, Okl., 348 P.

2d 176, was decisive of the issues. This reasoning, when applied to the facts of the instant appeal, clearly shows that the Uniform Adoption Act of 1957, 10 O.S.1961, § 60.16, cannot be considered in determining the question of the intention of a testator who executed a will and died prior to adoption of that Act. The trial court also found that our holding in Conville v. Bakke, Okl., 400 P.2d 179, had not changed the rule, since that case is distinguishable upon the facts, and the decision was based specifically upon a recognized exception to the general rule.

The court determined that the testator recognized and considered plaintiff as the son of Willie Hein, and the two defendants as children of James Hein, and intended to provide for them in such classes in his will. Judgment was rendered for plaintiff in conformity with these findings and conclusions.

█ The principal contention on appeal is that defendants are entitled to inherit under the terms of the will involved as children of their adoptive father. The supporting argument is advanced under four subdivisions, which need not be considered separately. The issue is determinable under the law relating to adopted children as it existed prior to the 1957 adoption of the Uniform Adoption Act, supra. Thus, the only relevant inquiry concerns the testator's intention at the time the will was executed. No questions involving the rights of adopted children to inherit under the statutes of descent and distribution arise in the instant case.

Before turning to other matters it must be noted that our holding in Conville v. Bakke, Okl., 400 P.2d 179, does not support much of the argument advanced by defendants. In that case the result expressly was confined to a situation wherein the testator had specific knowledge of and approved an adoption which occurred prior to the execution of the will. This constituted an exception to the general rule, and effected no change in applicable law as respects these defendants' position. This is true par-

ticularly as respects defendants' argument that the "children" of Willie Hein were to be determined as of the date of his death, rather than upon death of the testator.

■ A will is ambulatory during the maker's life, and speaks only from and after death of the testator. In re Daniels' Estate, Okl., 401 P.2d 493. The cardinal principle governing construction of wills is to ascertain and give effect to the testator's intention. Thus the nature, character, and extent of the estates devised are determined upon the basis of the testator's intention as ascertained from the instrument itself. Franklin v. Margay Oil Corp., 194 Okl. 519, 153 P.2d 486. In resolving any ambiguity or uncertainty as to the testator's intention consideration may be given to surrounding circumstances. Noble v. Noble, 205 Okl. 91, 235 P.2d 670, 26 A.L.R. 2d 1200.

■ In ascertaining the testator's intention certain presumption may be indulged. 57 Am.Jur., Wills § 1157. One presumption is that the testator is presumed to have known the law in effect at the time of execution of his will. Id., § 1162; In re Daniels' Estate, supra. As to whether testamentary disposition to "children" included an adopted child, the presumption is the testator knew and acted in contemplation of the reciprocal rights and duties resulting from existing statutes relating to adoptions. Although our cases contain no explicit expression, the presumption was expressed in Mooney v. Tolles, 111 Conn. 1, 149 A. 515, 70 A.L.R. 608, 615, thus:

"Another consideration is that the presumption that an adopted child was within the intended bounty to the children of his adopting parent does not prevail where the testator is a stranger to the adoption. * * * It is significant * * * where this distinction has been given effect * * * that the adoption took place long after the testator's death, * * * It is fairly to be inferred from the authorities that, in determining whether the adopted child was in con-

templation of a testator other than the adopting parent, the weighty consideration was the fact that the adoption, being subsequent to the testator's death, was not known to him, together with the effect of it upon the distribution of the estate, rather than that the testator was not the adopting parent and might be presumed to be likely to intend to favor his own blood as against a stranger thereto."

Following the reported case, Estate of Holton, 399 Pa. 241, 159 A.2d 883, 86 A.L. R.2d 1, there is a lengthy annotation upon the question whether an adopted child falls within a class in a testamentary gift. Both the results and reasoning expressed are as varied as the circumstances which provoked the question. In that part of the annotation dealing with children adopted by one other than the testator, §§ 13(d), p. 58, cases from many states are collected, although it is noted that many are decided upon miscellaneous alternative or additional bases. Included in such annotation is In re Ware's Estate, Okl., 348 P.2d 176. The annotation properly states that we recognized the possibility the testator could employ language which would evince a clear intention to include an adopted child within a class of beneficiaries created under the will.

■■ Turning to the question here presented, the conclusions hereafter stated are valid and dispositive of defendants' appeal. When this will was executed testator must be presumed to have known state law precluded adopted children from inheriting from lineal or collateral kin of the adopted parent. Thus the only manner in which defendants could participate in testator's estate, as children of their adoptive father, was by clearly evidenced intention expressed within the will. Testator had two sons, knew both had children, and who these grandchildren were, and that no persons could be classed as "children" except the natural children of his sons, unless included by means of precise language. The testator's intent must be derived from the

plain terms of the will measured in the light of the surrounding facts. Intention to include adoptees in the classification of "children" cannot be inferred from the single fact that defendants, whose rights as adopted children were enlarged by passage of the Uniform Adoption Act, were adopted subsequent to vesting of the life estate.

The real basis of defendants' argument is that testator's use of the word "children" without further limitation disclosed recognition that Willie Hein might adopt children and that the adoption laws might be changed to bring these adoptees within the class. Statement of this premise is its own refutation, since it assumes the precise matter we are required to decide.

■ Although not required for decision herein, defendants' argument that members of the class of "children" under the will was determinable as of the date of the life tenant's death (December 20, 1960) is untenable. This for the reason that the rule ordinarily applied is that testamentary dispositions are presumed to take effect upon testator's death. Franklin v. Margay Oil Corp., supra; Dannenburg v. Dannenburg, Okl., 271 P.2d 345; Riddle v. Jay, Okl., 356 P.2d 1074; and recognized in Conville v. Bakke, supra, although specific exception to the rule was there applied.

The trial court determined the reasonable construction of the will disclosed testator's intent to make provision only for the natural children of his two sons. Within the instrument, and bearing upon the surrounding circumstances to be considered in ascertaining testator's intent, the following matters are noteworthy. The will created three separate life estates in different farm properties. One life estate was devised to each named son, with the remainder in fee simple to the children of each. A third life estate was devised to a grandson, who is plaintiff here, and the remainder in fee simple to his children. Acceptance of defendants' claim for inclusion as children under the will would result in distribution of testator's property in the following manner: the defendants, as children of James Hein, each acquired an undivided half interest in the property held by their father as life tenant, which estate terminated January 30, 1960. As adopted children of Willie Hein each would acquire an undivided one-third interest in the property involved, held in life tenancy by the adoptive father. Such unequal distribution would result in defendants being favored to the extent of at least 80 acres each, since they would inherit upon the basis of being both natural and adopted children, while plaintiff would receive only an undivided one-third in fee simple, and a life estate in other property, although a member of the class named as devisees in the will. Such unequal result cannot be said to have been intended by the testator.

■ Nothing in the terms of the will discloses intention to include adopted children, or to extend the sense of the word beyond its usual meaning. Certainly no such intention can be inferred from the surrounding circumstances. Nothing in the will can be construed as indicating the testator's intention, or recognition of any possibility, that the remainder devised to the children of each son named in the will.

■ · Having concluded the testator's intention was ascertainable under the terms of the will, and in consideration of surrounding circumstances, it is unnecessary to discuss the claim of error based upon the trial court's rejection of proffered testimony bearing upon testator's oral declarations concerning defendants. The testimony concerning testator's purported oral declarations was not admissible. 84 O.S. 1961, § 152; Wilson v. Berryhill, 181 Okl. 213, 73 P.2d 449.

Judgment affirmed.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BERRY and HODGES, JJ., concur.

BLACKBIRD, J., concurs in result.

LAVENDER and McINERNEY, JJ., dissent.

The Court acknowledges the aid of Supernumerary Judge HARRY L. S. HALLEY, in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in Conference, the foregoing opinion was adopted by the Court.