Mary HUGO, Plaintiff in Error,

v.

Beatrice GIACOMO, Administratrix with the Will Annexed of the Estate of Mike Giacomo, Deceased, Defendant in Error.

No. 42467.

Court of Appeals of Oklahoma, Division No. 90.

Jan. 27, 1970.

James D. Iverson, Tulsa, for plaintiff in error.

Richard L. Gossett, of Stipe, Gossett & Stipe, Robert A. Layden, of Layden & Layden, McAlester, for defendant in error.

BERRY, Presiding Judge.

This is an appeal from a trial court judgment, rendered after trial de novo, reversing the findings and decree of the probate court. Plaintiff in error proceeded as Movant against the estate in the probate court, and this reference to the parties will be continued.

Mike Giacomo died testate in June 1961, leaving an estate consisting of a going business together with personal and real property including the involved parcel of realty. One Stizza was named executor of the will and trustee of the trust created for benefit of testator's heirs. Among numerous provisions the will provided:

"2. I give, devise and bequeath to my mother, Theodora Giacomo the sum of $100.00 per month, to be paid to her monthly so long as she lives.

"3. I give, devise and bequeath to my sister, Mary Hugo, the sum of $75.00 per month to be paid to her for a period of ten years from the date of my death, and further I give to her the right to occupy the duplex located at 628–30 East Washington in the City of McAlester for a like period."

The principal issue concerns the nature and extent of the interest, or estate, devised to movant under the quoted provision.

Upon the executor's petition, absent protest, testator's non-resident, divorced wife, defendant in error, was appointed administratrix with will annexed on November 15, 1963. On May 6, 1966, movant applied for partial distribution of that portion of her legacy then accrued. This application also

sought accounting by the administratrix, repayment of prior unauthorized disbursements to residuary legatees, and to require the non-resident administratrix to comply with the statute, 58 O.S.1961, § 162, by appointing resident service agent. Administratrix had made no effort to file accounting until after movant's application.

◼ Administratrix, on behalf of the estate, answered asserting off-set based upon charge accounts movant allegedly owed deceased's store, operated by the estate under the trust created by will. Movant then counter-claimed for wages allegedly due for services rendered the store in 1959. A prior claim for wages had been presented and rejected and movant had not taken further action. Upon hearing movant's application, the probate court found such claim barred for lack of timely presentment, and not a proper set-off against the estate's counter-claim. This finding was also made by the trial court and judgment entered accordingly. We are of the opinion this issue was determined correctly. In Cleage v. Jackson, 200 Okl. 375, 194 P.2d 843, we held those sections of our probate code limiting time for filing claims, prescribing mode of presentation and proof, and denying recovery as penalty for noncompliance with prescribed procedure are mandatory. See 58 O.S.1961, §§ 333, 334, 339. In re Smith's Estate, 202 Okl. 302, 213 P.2d 284.

The probate court construed the will: (1) as showing testator's intent to devise an estate for years; (2) even if construed as granting only a privilege, the circumstances and conduct surrounding movant's removal from the premises could not be construed as abandonment of such right.

The trial court construed the expression "right to occupy" in the will as indicating testator's intention to grant only a mere privilege of occupancy to be exercised by movant if desired, which movant abandoned in September 1961 by removing to another residence. On this basis the court decreed, upon final settlement of the estate, accrued rentals collected since "abandonment" should be charged and off-set against the gross amount of movant's legacy. Minor items allowed as off-set are not contested and need not be discussed.

◼ An appeal in a will contest requires this court to examine the entire record, weigh the evidence, and determine whether the trial court's judgment is against the clear weight of evidence. If found to be the case this court must enter the judgment which should have been entered by the trial court. In re Lacy's Estate, Okl., 431 P.2d 366; Hubbell v. Houston, Olk., 441 P.2d 1010. Although initially not a will contest, the issue created by movant's application to enforce the will provisions involved construction of the will to ascertain testator's intent. This intention must be derived from the terms of the will when measured in the light of surrounding circumstances. Hein v. Hein, Okl., 431 P.2d 316.

The involved premises were owned and utilized by testator prior to 1945 as rental property. After separation from her husband, testator allowed movant and her two children rent free occupancy of one side of the duplex. Following his divorce from administratrix in 1949 testator, his aged mother and two minor sons occupied the other side. The units were not connected, but the entire family occupied the premises under a communal arrangement. Testator provided necessities while movant kept house, prepared meals and cared for their mother, and at the same time assisted testator in operation of his business.

In September, following testator's death, movant purchased another residence where she maintained a home for herself and mother until the latter's death in June 1962. Although controverted, movant testified she discussed the matter of moving both with the executor (Stizza) and one of the attorneys, and was advised this would be all right. Although not controlling, there was evidence that movant's efforts to secure consent of testator's sons for such

move were unsuccessful. Movant kept the duplex rented, one side being furnished with her own effects. In September 1963 the older son moved into the premises, apparently rent free, after some discussion with her uncle, the executor.

The primary question concerns testator's intention, in view of the language used, when devising movant a right to use of the premises for 10 years. Because the probate court construed testator's intent contrary to the trial court, it is apparent the difficulty arises within the words of the devise. In such instances any uncertainty as to testator's intention may be resolved by the text stated in Noble v. Noble, 205 Okl. 91, 235 P.2d 670, 673, 26 A.L.R.2d 1200:

> " * * * the intent of the testator, in which case the court may take into consideration the circumstances and conditions surrounding the testator and his relations to those named as beneficiaries, their affections or lack of affections, the condition of his family, the amount and character of property, the estate or property devised, their manner of living, the means provided, as well as their culture and happiness, * * *."

Between 1945 and testator's divorce in 1949, he provided a rent free abode where movant made a home both for their mother and her own children. After divorce and until testator's demise the entire family lived together in the duplex as one family unit. When this will was executed testator's sons were minors under 13 years of age. In creating a trust estate for his sons, testator provided the trust should remain open until the younger reached. 30 years of age. However, prior to establishing this trust testator saw fit to make two bequests which took precedence over his own children's interest. The first was a bequest of an amount testator believed would provide some financial security for his mother, who lived with and was cared for by movant. The second bequest was for a monthly stipend for movant, undoubt-

edly in recognition of need, to augment her ability to discharge financial requirements enlarged by maintenance of a home partially for his mother's benefit. Further, as an integral part of these bequests, testator recognized the need to provide movant a home, or means to acquire a home, for a period testator no doubt considered sufficient to extend through his mother's lifetime.

The trial court relied upon " * * * the strong language" of *"give, devise and bequeath"* used in the quoted provisions, as compared to use of "right to occupy" as evidencing intention to grant a mere privilege. We are of the opinion this conclusion is invalid in view of surrounding circumstances and under applicable principles of law.

■ The will devised movant a beneficial interest in the property for a term of years. Only the nature and extent of that interest is in dispute. It is settled law that while a determinable fee in real property lasts the grant carries with it all rights, privileges and immunities of a fee simple title. University Scholarship Corp. v. Parduhn, 180 Okl. 446, 70 P.2d 84. Beyond question the language used created a limited estate in movant. Although the question arises most frequently when construing language used in conveyances, the same principles apply when considering problems as to meaning and intent of a devise of real property.

In Frensley v. White, 208 Okl. 209, 254 P.2d 982, we reviewed and differentiated the types of estate created by language involved in various conveyances. Therein it is pointed out that conveyance of a determinable fee under conditional limitation creates a fee simple title, unless the estate is terminable upon subsequent occurrence of a specified, possible event. The present matter does not require us to determine whether the will created an estate upon conditional limitation or upon condition subsequent. In Frensley, supra, and earlier decisions cited, we recognized the necessity

for explicit language, i. e. "so long as", etc. to be used in order to create an estate terminable upon failure of condition.

██ A testator is presumed to know the law. Hein v. Hein, supra. When an estate is given the bequest should not be cut down by raising doubt as to extent, meaning or application of a subsequent clause, or words, which are not as clear or decisive as those used in granting the estate. Whenever possible a will is to be given a construction which will obviate creation of an estate subject to condition. Thus an interest devised by will should be construed as contingent only when impossible to construe the extent of the interest devised.

Whether actual residence by a devisee is required, and whether removal will terminate an estate devised, are questions which are the subject of annotation in 45 A.L.R. 2d 704 § 1. The text (p. 705) states these questions are to be resolved from terms used and general intent of the particular instrument. And, it is pointed out, a testator's language concerning use of premises devised as a home are construed as merely explanatory of the motive for testator's gift or of testator's expectations. Numerous decisions annotated under §§ 3, 4, disclose the division both of authority and reasoning.

██ We are of the opinion, however, testator's intention was to provide a home for movant for a fixed period without condition or limitation. Had testator intended otherwise the condition would have been expressed by explicit language. The probate court properly construed the will as granting movant an estate for years, which was not abandoned by removal to another residence.

Judgment reversed and case remanded for proceeding in conformity with the views herein expressed.

MILLS and HARRIS, JJ., concur.