## Nesbit, Appellant, *v.* Skelding.

*Wills—Fee simple estate—Heirs—Rule in Shelley's Case.*

Testator devised as follows: "I give and bequeath to my son and his heirs after him all my real estate." *Held,* that the son took an estate in fee simple.

Argued Oct. 31, 1905.   Appeal, No. 144, Oct. T., 1905, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., July T., 1905, No. 322, on verdict for defendant in case of David Frank Russell Nesbit, Thomas McFadden Nesbit and James Meek Nesbit v. Ellen P. Skelding.   Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Ejectment for land in Moon township.   Before YOUNG, J.

From the record it appeared that the land in question had been devised to William E. Nesbit, father of the plaintiffs, by the will of David E. Nesbit, the material portion of which is

quoted in the opinion of the Supreme Court. The defendant claimed title under foreclosure proceedings on a mortgage made by William E. Nesbit in his lifetime. The court construed the will as giving William E. Nesbit an estate in fee, and directed a verdict for the defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving instructions for defendant.

*W. T. Tredway*, with him *John C. Haymaker*, for appellants.—The will passed a life estate only : Crawford v. Forest Oil Co., 208 Pa. 5; Coursey v. Davis, 46 Pa. 25; Hill v. Giles, 201 Pa. 215 ; O'Rourke v. Sherwin, 156 Pa. 285; Miller's Estate, 145 Pa. 561; Seibert v. Butz, 9 Watts, 490; Eichelberger v. Barnitz, 9 Watts, 447 ; Crawford's Estate, 17 Pa. Superior Ct. 170 ; Gerhard's Estate, 160 Pa. 253; Eichelberger's Estate, 135 Pa. 160 ; Kuntzleman's Estate, 136 Pa. 142; Yarnall's App., 70 Pa. 335; Simpson v. Reed, 205 Pa. 53 ; Jones v. Jones, 201 Pa. 548; McCann v. McCann, 197 Pa. 452.

*M. W. Acheson, Jr.*, of *Patterson, Sterrett & Acheson*, with him *W. A. Griffith*, for appellee.—The will gave a fee : Hiester v. Yerger, 166 Pa. 445; Boyd v. Wingate, 13 W. N. C. 56 ; Criswell's App., 41 Pa. 288 ; Price v. Taylor, 28 Pa. 95 ; Reifsnyder v. Hunter, 19 Pa. 41; Boyd v. Weber, 193 Pa. 651; Grimes v. Shirk, 169 Pa. 74.

OPINION BY MR. JUSTICE ELKIN, January 2, 1906 :

The single question presented by this record is whether William E. Nesbit, father of the appellants, under the will of David E. Nesbit, deceased, took a fee simple or life estate. The language of the will is as follows : " I give and bequeath to my son, William E. Nesbit, and his heirs after him, all my real estate, consisting of a farm and appurtenances in the township aforesaid."

It is conceded that the word " heirs " as used in this as well as every other will, is primarily a word of limitation, and will be so construed, unless it is so plain as to preclude misunderstanding that the testator intended to use it in other than its

ordinary legal sense.  We have searched this record in vain to discover such facts or circumstances as would have the effect of cutting down the fee simple estate which is presumptively created by the use of the word "heirs" in the devise.

It is argued by the learned counsel for the appellants that the testator by use of the words "his heirs after him" intended to limit the first estate to the life of William E. Nesbit and at his death to vest it absolutely in his children.  This contention is based on the theory that the word "heirs" is used in the sense of "children."

Our attention has not been called to any case that would support this position.  There is no provision of the will, nor any circumstances shown by the record, to justify a departure from the settled rule of construction.  There is no distinction, legal or grammatical, between the words "after him," or "after his death," or "after his decease."  The use of the words "after him," must be construed to mean the same as if the provisions of the will read "after his death," or "after his decease."  In a legal sense the devisee could have no heirs while he lived, they became his heirs "after him," that is, "after his decease."  This case is ruled in principle by Reifsnyder v. Hunter, 19 Pa. 41 ; Price v. Taylor, 28 Pa. 95; Criswell's Appeal, 41 Pa. 288 ; Hiester v. Yerger, 166 Pa. 445.

Judgment affirmed.