GORMLY v. EDWARDS et al.

No. 30870.   Feb. 6, 1945.

*155 P. 2d 985.*

James C. Wright and Glenn R. Watson, both of Okemah, for plaintiff in error.

J. Hugh Nolen and Chas. Dunn, both of Okemah, for defendants in error.

ARNOLD, J. G. G. Gormly, as plaintiff, commenced this action against the defendants seeking to quiet title to 80 acres of land in Okfuskee county, Okla. A judgment was entered for the defendants finding that they had a vested right in an undivided two-thirds interest in and to the oil and gas mineral rights in the 80 acres of land, and the plaintiff appeals.

The record discloses that George W. Edwards, deceased, left a will devising 120 acres of land to his wife, Anna Edwards, and their three children, Myrtle, Lorene, and George Edwards. The plaintiff is the grantee of the three children of George and Anna Edwards. The defendants are the widow and the children of George W. Edwards and a former wife. George W. Edwards died April 17, 1926. The will was admitted to probate May 26, 1926, and the estate was later distributed. No appeal was taken from any of the proceedings in probate and this appeal presents no controversy as to the finality or effect of the proceedings in probate.

The two pertinent provisions of the will are as follows:

"First: I hereby will and bequeath to my beloved wife, Anna Edwards, and my three children, Myrtle, Lorine and George Jr. Edwards my home place, consisting of one hundred and twenty acres of land, being in

Section 24, township 13, Range 10 in Okfuskee County, Oklahoma,

to have and to hold to my said wife, Anna Edwards, so long as she remains single, but in the event of *her* marriage, then her share in said farm shall be immediately vested in the above named children."

"Fourth: I hereby direct that if oil or gas should be developed upon said above described land, that all my children shall share alike in said oil or gas."

Based upon the above provisions in the will as to the oil and gas, the court held that the defendants were vested with an undivided interest in the oil and gas mineral rights. In this respect plaintiff asserts that the court erred.

The first proposition by the plaintiff in error is that the grant in the fourth paragraph of the will constitutes an attempted limitation on the foregoing grant in fee simple and is, therefore, invalid, being in contravention of 84 O.S. 1941 § 156, and 16 O.S. 1941 § 29, which read:

"A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

Plaintiff in error cites and relies upon In re Will of Friss, 45 Okla. 399, 149 P. 1176; McNutt et al. v. McComb et al., 61 Kan. 25, 58 P. 965; Re Marti's Estate, 132 Cal. 666, 61 P. 964.

By its provisions there is no limitation on the estate devised in the first paragraph of the will except as to the remarriage of the widow. Thereby the testator devised a fee-simple estate to his wife and the three children named therein subject to the life estate of the wife which was terminable by her remarriage.

We think by the fourth paragraph of the will wherein the testator said:

"I hereby direct that if oil or gas should be developed upon said above described land, that all my childred shall share alike in said oil or gas."

he intended that if oil or gas should be produced during the period of ownership of those designated in the first paragraph, that all his children should participate therein, but it was not his intention that the title to the land or the right to sell same should be restricted. It was not his intention to create a covenant or right or interest running with the land. He anticipated that the land would be possessed by his wife as long as she lived or until her remarriage. He intended that her entire estate therein should terminate upon her remarriage.

This all being true, the children named in the first paragraph of the will were possessed of the entire estate and could give fee-simple title to the land, as they attempted to and did do, the wife having heretofore remarried and her estate therein having been terminated thereby.

The plaintiff below got fee-simple title to the land free and clear of any interest described and disposed of in the fourth paragraph of the will. This being true, the rule against perpetuities is not applicable, and the contention predicated on the applicability of the rule is also untenable. 41 Am. Jur. 53, § 6.

In view of our interpretation of the will it is apparent that the cases cited on both propositions are not in point.

The judgment is accordingly reversed, with directions to enter judgment in accordance with the views herein expressed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, and DAVISON, JJ., concur. CORN, J., dissents.