HICKS et al. v. FAIRBANKS' HEIRS, etc., et al.

No. 35298.   March 24, 1953.

Rehearing Denied April 21, 1953.

*256 P. 2d 169.*

Granville Tomerlin and Jack High, Oklahoma City, for plaintiffs in error.

Joe Young, Chandler, for defendants in error.

WILLIAMS, J.   Parties are designated as in the trial court.

Orin Fairbanks died in 1917 while owning the lands involved in this action,

and left a will reading in part as follows:

"Second, I give, devise and bequeath unto my beloved wife, Ada Fairbanks all of my estate real and personal and mixed to have and to hold to her and her heirs forever.

."Third, should any of my estate remain at the death of my said wife Ada Fairbanks undisposed of then in that event I give and bequeath such remainder to my nephew Charles H.. Fairbanks to him and his heirs forever. This provision is not intended to restrain or hamper my said . . . . . in any manner . . she is to have my entire estate as above provided—and this provision is only to take effect in case any of my estate remains undisposed of at the death of my said wife Ada Fairbanks."

This will was admitted to probate and in 1919 the county court entered its final decree distributing a fee-simple title to Ada Fairbanks, and making no mention of a remainder to Charles H. Fairbanks. No petition for decree of distribution was filed before said final decree was entered.

In 1949 Ada Fairbanks died, having previously devised the lands involved in this action to Thelma Hicks and Mary Shiels, her nieces, plaintiffs in the case at bar. In 1951 said plaintiffs filed a quiet title action, alleging themselves to be in possession of said lands. All defendants defaulted except Cosette Johnson (daughter of Charles H. Fairbanks) who, as administratrix of the estate of Charles H. Fairbanks, and individually, filed a cross-petition for possession of, and to quiet title to, such lands. At the conclusion of the trial, the trial court rendered judgment for defendant, Cosette Johnson, individually and as such administratrix, accordingly. Plaintiffs have appealed to this court from such judgment and an order overruling their motion for new trial.

For reversal of the judgment rendered below, plaintiffs make the contention, among others, that the will of Orin Fairbanks, properly construed, vested in his wife, Ada Fairbanks, through whom they claim a fee-simple title.

As we are convinced from a consideration of such contention, that the trial court's judgment should be reversed, we find it unneccessary to consider plaintiffs' other contentions herein made.

It is to be noticed that the second paragraph of the will, above quoted, devised the lands involved herein to Ada Fairbanks "to her and her heirs forever."

A fee-simple estate is defined by 60 O.S. 1951 §23 as follows:

"Every estate of inheritance is a fee, and every such estate, when not defeasible or conditional, is a fee-simple or an absolute fee."

See Words and Phrases, vol. 19, "Heirs", beginning at page 250, from which the following paragraphs are taken:

"Ordinarily, the words 'heirs' and 'heirs of the body' are words of limitation, and by their own force convey the idea of a fee-simple estate, Brumley v. Brumley (Ky.) 89 S. W. 182, 183.

"Where testator gave to a son and his heirs after him all his real estate, the son took an estate in fee simple; the word 'heirs' not being used in the sense of 'children'. Nesbit v. Skelding, 213 Pa. 487, 62 A. 1062 ***.

"At common law the word 'heirs' was necessary to convey a fee-simple estate, no matter how plainly the intention so to do be expressed in other words of perpetuity. Hall v. Hall, 106 Me. 389, 76 A. 705, 706.

"A devise to one and his heirs carries the fee to the first taker. Allen v. Craft. 109 Ind. 476, 9 N.E. 919 ***.

"A conveyance to one and his heirs always creates an estate in fee simple, and it has been settled that no words are so apt and appropriate for this purpose as 'heirs'. Robinson v. Payne, 58 Miss. 690. ***"

See, also, 16 O.S. 1951 §29, which reads:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

In Re Friss' Will, 45 Okla. 399, 149 P. 1176, this court said (Syllabus 1):

"In construing wills, it is a well settled rule that, where an absolute estate or a certain specific interest is given in one or more provisions in reasonably clear and unambiguous language, this interest or estate will not be cut down, affected, impaired, or qualified in another provision by inference or an inaccurate recital of, or reference to, its contents in other parts; and such gifts will be impaired or cut down only when such language tending to affect same is clear and certain as the language creating the gift."

In the body of the opinion, after quoting the above language, the court said:

"That this rule is sound and in accord with reason and the great weight of authority will be seen by examination of the text-books and adjudicated cases. ***"

The principles stated in the above quotations from the Friss case are applicable in the case at bar.

84 O.S. 1951 §141 reads as follows:

"Every devise of land in any will conveys all the estate of the devisor therein, which he could lawfully devise, unless it clearly appears by the will that he intended to convey a less estate."

See, also 84 O.S. 1951 §156, which reads:

"A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words *not equally clear and distinct,* or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will." (Emphasis supplied.)

In the case of Gormly v. Edwards, 195 Okla. 123, 155 P. 2d 985, we held (Syllabus 2):

"A devise of real estate by will, without limitation or condition, conveys an absolute estate in fee simple which is incompatible with a lesser power over it than that of complete right to its possession, enjoyment and disposition."

It is apparent, then, that but for the question of a limitation over, the testator in the case at bar has satisfied all the requirements of the common law in connection with the devise of a fee-simple estate, and in so doing has actually gone beyond the requirements of the statutes of this state, which make express words of inheritance unnecessary. It obviously would have been difficult for testator to have selected expressions which, taken alone, would show a more positive intention than the provisions of paragraph two of the will, supra, to devise an estate in fee simple.

Defendant contends that the will clearly shows that the devise to Ada Fairbanks was expressly limited with a remainder over Charles H. Fairbanks, of all property remaining undisposed of at the death of Ada Fairbanks. We think Mr. Fairbanks did so intend to create a "limitation over," but that the same is not permitted by the law of this state, unless the words creating the alleged limitation over are as clear and distinct as the words creating the fee-simple devise. See 84 O.S. 1951 §156, infra.

Further contention is made by plaintiffs that if there be a doubt from the language he employed, whether testator intended a devise in fee simple or a life estate, the granting of absolute powers of disposition resolves the question in favor of the former.

For reasons which we will set out below, we think that the answer to this question (whether or not Orin Fairbanks granted to his wife absolute power to dispose of the land) will be the determining factor in this case.

In this connection defendant argues the will clearly shows that the testator intended for Ada Fairbanks to have the lands with power to sell and convey during her lifetime, but that if any remained undisposed of at her death, then it was to go to Charles H. Fairbanks. She says that a "will is a disposition of property to take effect on or after the death of the owner"; that nothing passed during the lifetime of Ada Fairbanks, and that the property remained undisposed of at her death.

This argument is self-contradictory. It first seeks to show that "a will is a disposition of property" and thereafter (though Ada Fairbanks admittedly devised the lands in her will) says that the property was "undisposed of".

84 O.S. 1951 §158 reads as follows:

"The words of a will are to be taken in their ordinary and grammatical sense unless a clear intention to use them in another sense can be collected, and that other can be ascertained."

For convenience, at this point, we again recite the language of paragraph three of such will:

"Third, should any of my estate remain at the death of my said wife Ada. Fairbanks *undisposed of* then in that event I give and bequeath such remainder to my nephew Charles H. Fairbanks to him and his heirs forever. *This provision is not intended to restrain or hamper my said ...... in any manner—she is to have my entire estate as above provided*—and this provision is only to take effect in case any of my estate *remains undisposed of at the death of my said wife Ada Fairbanks.*" (Emphasis supplied.)

The following definition of the phrase "dispose of" is found in Black's Law Dictionary, Third Edition:

"Dispose of. To alienate or direct the ownership of property, as *disposition by will.*" (Emphasis supplied.)

A quick examination of a few of our statutes dealing with wills shows repeated use of the term "dispose of".

See the following sections of Title 84, O.S. 1951:

"41. Every person *** may by last will *dispose of* * * *""

"42. A married woman may *dispose of* *** by will ***.""

"44. Every estate in property may be *disposed of* by will. ***""

"45. A testamentary disposition may be made to any person capable by law of taking the property so *disposed of.* ***""

"109. An agreement made by a testator, for the sale or transfer of property *disposed of* by will. ***""

"111. A conveyance, settlement, or other act of a testator, by which his interest in a thing previously *disposed of* by *** will. ***""

"112. *** previously *disposed of* by will. ***" (Emphasis supplied in all of the above quotations.)

It is evident from a reading of the above that the meaning of the phrase "dispose of" includes "disposition by will".

Although defendant argues to the contrary, we believe the situation in the case at bar analogous to that presented in a consideration of our statute providing, with reference to intestate succession,

"that in all cases where the property is acquired by the joint industry of husband and wife during coverture, and there is no issue, the whole estate shall go to the survivor, *at whose death, if any of the property remain,* one-half of such property shall go to the heirs of the husband and one-half to the heirs of the wife, according to the right of representation." (Emphasis supplied.) 84 O.S. 1951 §213(2).

In construing the above section of the statutes, this court has consistently held that a survivor who inherits land thereunder may dispose of the same by will. In re Laug's Estate, 189 Okla. 516, 118 P. 228, concerned a situation where the wife was the survivor

and later devised the land inherited under the quoted section of the statute. In that case, the court said:

"The whole estate vested in her. It was hers to dispose of *** by will."

We hold that, under the terms of the will of Orin Fairbanks, Ada Fairbanks had absolute power to dispose of the lands involved herein.

33 Am. Jr., Life Estates, Remainders, etc., §36, reads:

"It is a well-settled rule, firmly supported by a great numerical preponderance of the authorities, that where there is a devise or bequest to one in general terms only, expressing neither fee nor life estate, and there is a subsequent limitation over of what remains at the first taker's death, if there is also given to the first taker an unlimited and unrestricted power of absolute disposal, express or implied, the devise or bequest to the first taker is construed to pass a fee. . ."

Substantially the same quotation may be found in an annotation beginning at 75 A.L.R. p. 71.

To the same effect is the following language of the court in Roth v. Rauschenbusch, 173 Mo. 582, 73 S. W. 664:

"A distinction must be made between those cases where there is a devise generally or indefinitely with a power of disposition, and those cases where there is a devise for life with a power of disposition. In the former, the devisee takes the property in fee."

See, also, Galligan v. McDonald, 200 Mass. 299, 86 N.E. 304, wherein the court said:

"Testator devised his real estate to his son, to hold 'the same to him and his heirs forever', and provided that if he died leaving no issue surviving, or if such issue should die during minority, the 'estate remaining' at the death of the son should go to designated persons. *Held*, that the words 'estate remaining' did not mean a remainder in a technical sense, but meant what the son should not dispose of during life, and by necessary implication the son had power to dispose of any or all of the estate, and the limitation over, being inconsistent with the power of disposal, could not take effect as an executory devise.

"The limitation over did not cut down the son's estate to a simple life estate, or to a life estate with power of disposal."

We have previously shown that Orin Fairbanks granted to his wife the absolute power to dispose of the land. Under the principles of law above stated, it makes no difference whether he intended to devise an estate in fee simple, or a lesser estate. In either case, plaintiff herein should prevail, because if Ada Fairbanks took a fee-simple estate from her husband, the heirs to whom she devised it are certainly now entitled to it; and if her husband devised to her less than a fee-simple estate, coupled with absolute powers of disposition, then by operation of law she took a fee-simple title which she could in turn devise as she wished.

The judgment of the trial court is reversed, with directions to enter judgment for plaintiffs as prayed for in their petition.

HALLEY, C.J., JOHNSON, V.C.J., and WELCH and DAVISON, JJ., concur. CORN, O'NEAL, and BLACKBIRD, JJ., dissent.

CORN. J. (dissenting). The facts, as well as a copy of the will, are set forth in the majority opinion. The following definitions will aid in a better understanding of my dissenting opinion.

A will is the disposition of one's property to take effect after death.

A will is the legal declaration of a man's intentions, which he wills to be performed after his death as to the disposition of his property.

There can be no contention by anyone that property passes or is disposed of by a will before the testator dies. Therefore, this property belonged to Ada Fairbanks up to the time of her death.

84 O. S. 1951 §151 provides:

"A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

Section 152 provides:

"Ascertaining intention. In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."

Section 155 also provides:

"Irreconcilable Parts. All the parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible but where several parts are absolutely irreconcilable, the latter as to position must prevail."

In Cobb v. Newman, 201 Okla. 318, 205 P. 2d 858, we held:

"The object and prime purpose in the construction of any will is to arrive at and give effect to the intention of the testator. And in ascertaining such intention the will is to be considered as a whole and the several provisions thereof in their relation to each other.

"Where in one paragraph of a will there is a specific devise of land in fee simple, and in another paragraph dealing expressly with such devise there is prescribed a condition to the effect that the title so devised is to be defeated in part upon a contingency if same occurs during the ownership of the devisee, held, the condition is consistent with the title devised and valid."

Under the third paragraph of the will it is plain to my mind that the testator intended for his wife to have the property in fee simple to sell, barter or give away, if she so desired, during her lifetime, but in case any of the property remained undisposed of at her death it go to Charles H. Fairbanks or his legal heirs.

The majority opinion cites 84 O.S. 1951 §213, and cases construing said section, as authority. These cases hold that a survivor who inherits land thereunder may dispose of the same by will. I find no fault with the construction given to said section. Said section deals with the disposition of property that a person acquires by joint industry, *without any restrictions*, where he dies intestate. Section 213, and cases construing the same, are not applicable to the facts in this case and have no application whatever where a person dies leaving a will. There is no limitation in said section preventing a person who inherits property acquired by joint industry from disposing of the property by will if he desires to do so. In other words, property inherited which was acquired by joint industry can be disposed of by the survivor, in the same manner that he can dispose of property that he has acquired the title to by purchase or otherwise.

16 O.S. 1951 §29 provides:

"Every estate in land which shall be granted, conveyed or devised by deed or will, shall be deemed an estate in fee simple and of inheritance, unless *limited by express words*."

So it appears to me that the language in the third paragraph of the will executed by Orin Fairbanks is clear and certain as to what effect it was to have on paragraph two of the will, and was not inconsistent therewith.

It is thoroughly demonstrated in this case that paragraph three of the will is not inconsistent with paragraph two thereof. Ada Fairbanks owned this property and held the unlimited use of it and exclusive right to sell, barter or give away the property for a period of more than 30 years. I think the majority opinion places a limitation on the manner of how a person can dispose of his property by a will which is contrary to our statutes and all the decisions of this court in construing a will, i.e., let the intent of the testator prevail unless it violates some law, statutory or otherwise, or is against public policy.

I respectfully dissent.