**Jack RICE, Plaintiff in Error,**

v.

**Sam K. VIERSEN et al., Defendants in Error.**

**No. 36329.**

Supreme Court of Oklahoma.

Sept. 27, 1955.

William A. Vassar, Walter G. Wilson, Chandler, for plaintiff in error.

Carland E. Smith, Okmulgee, P. D. Erwin, Chandler, Hunter L. Johnson, Tulsa, for defendants in error.

PER CURIAM.

Plaintiff, Jack Rice, brought this suit in the District Court of Lincoln County to quiet title in a certain described 160-acre tract of land and for an accounting against his brother, R. C. Rice, and certain other named defendants claiming an interest therein.

Plaintiff alleged in his petition that he and his brother, the defendant named above, were the sole and only heirs of William Christopher Rice, deceased; that by the terms of a warranty deed, copy of which was attached to the petition as an exhibit, executed on November 2, 1934, one Clara F. Evans conveyed said described tract of land to "William Christopher Rice, of Enid, Oklahoma, and his heirs"; that thereafter said William Christopher Rice executed and delivered a mineral deed to defendant S. C. McPhail and a warranty deed to defendants R. C. Rice and Eva Rice as joint tenants and an oil and gas lease to the remaining defendants, all of said defendants claiming an interest in said land by virtue of said instruments; that by virtue of the grant made to said William Christopher Rice he took only a life estate in said property, the

remainder being vested in plaintiff and his brother, the defendant, R. C. Rice, and that the rights of the remaining defendants ceased upon the death of said William Christopher Rice, and prayed that his title be quieted and that he have an accounting of the rents and profits and of the oil and gas produced from said lands.

The named defendants filed separate motions to make more definite and certain, asking that plaintiff be required to state whether he claimed title through inheritance from William Christopher Rice as the grantee of the fee simple title or whether, being an heir of said William Christopher Rice, he claimed title solely by the grant from said Clara F. Evans and solely by the language used in said deed of November 2, 1934, and if by inheritance to plead any facts upon which plaintiff based his claim that the rights which any of the defendants claim by virtue of the instruments executed by said William Christopher Rice during his lifetime ceased with his death, and a general and special demurrer asserting that the petition failed to state a cause of action and was barred by the statutes of limitation.

Upon hearing of these individual combined motions to make more definite and certain and demurrers, plaintiff announced that he was relying entirely upon the contention that solely by the terms of the deed executed by Clara F. Evans on November 2, 1934, to William Christopher Rice, now deceased, he obtained only a life estate in the property here in question, with remainder to his heirs and that the other instruments referred to in plaintiff's petition were mentioned merely for showing that William Christopher Rice is dead and that plaintiff and defendant R. C. Rice are his heirs; whereupon the court overruled the various motions to make more definite and certain and sustained the demurrers thereto. Plaintiff elected to stand upon his petition and has perfected this appeal from the judgment sustaining the demurrers.

Plaintiff contends that the grant to "William Christopher Rice and his heirs" conveyed to William Christopher Rice a life estate only with remainder over to his heirs.

By 16 O.S.1951 § 29, every estate in land which is granted, conveyed or demised by deed or will is an estate in fee simple and of inheritance, unless limited by express words. There is no limitation of the estate granted in the deed here in question. The words "and his heirs", though not required by statute in this state to convey an estate of inheritance (as was necessary under the common law), have from time immemorial been recognized as describing the estate granted as being one of inheritance and conveying a fee simple estate, and it has been as long recognized that such words are not words of purchase. See Hicks v. Fairbanks' Heirs, 208 Okl. 346, 256 P.2d 169, wherein we interpreted the identical phrase in a will as demising a fee simple estate, and cases therein cited; 18 C.J. § 278, pp. 297, 321, 322; 26 C.J.S., Deeds § 109, pp. 396, 398, 399; Triplett v. Triplett, 332 Mo. 870, 60 S.W.2d 13; Creswell v. Bank of Greenwood, 210 S.C. 47, 41 S.E.2d 393.

Plaintiff further argues that if the deed to "William Christopher Rice and his heirs" is ambiguous as to the estate conveyed extraneous and parol evidence may be introduced to show the intention of the parties. There is no ambiguity in the deed. It clearly conveys a fee simple title.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. Crawford and approved by Commissioners Jean R. Reed and James H. Nease, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.

WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.