Artie E. SHIPPY, Plaintiff in Error,

v.

George L. ELLIOTT; and Hubert L. Elliott, individually, and as executor of the last will and testament of Alice Kate Elliott, deceased, and Frank D. Elliott, Defendants in Error.

No. 37274.

Supreme Court of Oklahoma.

May 13, 1958.

Rehearing Denied June 17, 1958.

Application for Leave to File Second Petition for Rehearing Denied July 15, 1958.

Wilson & Wilson, Enid, for plaintiff in error.

J. Wilford Hill, Bill Ginder, Cherokee, for defendants in error.

Wilson & Wilson, Enid, for cross-petitioner, George L. Elliott.

HALLEY, Justice.

This is an appeal from the judgment of the District Court of Alfalfa County holding that the will of Samuel A. Elliott, deceased, vested in his surviving wife, Alice Kate Elliott, a fee title to a tract of land in that County, so that she could dispose of such land by conveyance or by her will. It is necessary to construe the will of Samuel A. Elliott, the pertinent provisions of which are as follows:

"(2) I give and devise to my beloved wife, Alice Kate Elliott, the following property, to-wit: The Southeast Quarter (SE¼) of Section Twelve (12), Township Twenty-three (23) North, of Range Twelve (12), W.I.M., Alfalfa County, Oklahoma;

"(3) I give and devise to my son Frank S. Elliott, the following property, to-wit: The Southwest Quarter (SW¼) of Section Seven (7), Township Twenty-three (23) North, of Range Twelve (12) W.I.M., Alfalfa County, Oklahoma;

"(4) I give and devise to my daughter Artie E. Elliott, now Artie E. Shippie, the following property, to-wit: The Northwest Quarter (NW¼) of Section Twelve (12), Township Twenty-three (23) North, of Range Twelve (12) W.I.M., Alfalfa County, Oklahoma;

"(5) I give and devise to my son George L. Elliott, the following property, to-wit: The Northeast Quarter (NE¼) of Section Thirteen (13), Township Twenty-three (23) North, of Range Twelve (12) W.I.M., Alfalfa County, Oklahoma.

"(6) I give, bequeath and devise all the rest and residue of my property, both personal and real, and wheresoever situated, of which I may die seized to my beloved wife, and our three children, above named, in equal shares;

"(7) It is my will and desire that all property herein devised, and bequeathed to my beloved wife, Alice Kate Elliott, that shall remain her property at the time of her death, shall be equally divided among our said three children in equal shares."

The above will was executed by Samuel A. Elliott in 1930. At that time his family consisted of his wife, Alice Kate Elliott, and three adult children, Artie E. Shippy, George L. Elliott and Frank S. Elliott. He owned the four quarter sections of land. He devised one tract to his surviving wife and one each to his three children as shown in the above will. Samuel A. Elliott died leaving the wife and three children, and when his will was admitted to probate, the county court distributed the property to the various devisees named in the will, but made no effort to construe the will.

Frank S. Elliott, a son, died while single, leaving a will giving all his property to a nephew, Frank D. Elliott. His will was admitted to probate and his estate closed.

More than twenty years after the will of Samuel A. Elliott was executed, the will of his widow, Alice Kate Elliott, was executed August 12, 1953, giving her entire estate to a grandson, Hubert L. Elliott.

Soon after the death of Alice Kate Elliott, Artie E. Shippy filed this action in the District Court of Alfalfa County, praying for a partition of the assets of the estate of Alice Kate Elliott, alleging

that she held only a life estate in the land willed to her by Samuel A. Elliott, and prayed that she owned one-third and a like amount was owned by George L. Elliott and Frank D. Elliott, the latter having been the sole devisee of Frank S. Elliott, deceased. George L. Elliott filed his answer and cross-petition alleging that he and Artie E. Shippy owned a one-half interest each in the land and prayed for an accounting.

The trial court rendered judgment holding that under the will of Samuel A. Elliott, his wife, Alice Kate Elliott since deceased, became vested with a fee simple title with full power to dispose of the land by deed or will, and that Artie E. Shippy and cross-petitioner, George L. Elliott, have no interest in the property, denying both the petition and the cross-petition. Motions for a new trial were overruled and this appeal was perfected. The parties will be referred to as they appeared in the trial court.

Both parties who appealed rely upon the same assignments of error. The principal issue made by both is, did the court err in holding that under the will of Samuel A. Elliott, Alice Kate Elliott, his widow, became the owner in fee simple of the real property involved? A correct decision on this point will render a discussion of the other issues unnecessary.

Alice Kate Elliott elected to take under the will of her deceased husband rather than under the law of descent and distribution.

The pertinent paragraphs of the will for our consideration are two and seven and we again set them out:

"I give and devise to my beloved wife, Alice Kate Elliott, the following property, to-wit: The Southeast Quarter (SE¼) of Section Twelve (12), Township Twenty-three (23) North, of Range Twelve (12), W.I.M., Alfalfa County, Oklahoma;

"It is my will and desire that all property herein devised, and be-queathed to my beloved wife, Alice Kate Elliott, that shall remain her property at the time of her death, shall be equally divided among our said three children in equal shares."

We think that the following sections of our Statutes will be helpful in arriving at a correct determination of this case.

Section 156, 84 O.S. 1951, is as follows:

"A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

Section 163, 84 O.S. 1951, is as follows:

"The term 'heirs,' or other words of inheritance, are not requisite to devise a fee, and a devise of real property passes all the estate of the testator, unless otherwise limited."

Section 29, 16 O.S. 1951, provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

Defendants contend that paragraph 7 is ambiguous and insufficient to destroy the clear intention of the testator expressed in paragraph 2 above. Attention is called to the fact that paragraph 2 uses the identical words, "I give and devise to my beloved wife, Alice Kate Elliott, the following property, to-wit", which is used in paragraphs of the will giving a quarter section to each of their three children.

In paragraph 7 neither the word "devise" nor "bequeath" is used, but testator does express a desire that upon the death of his wife, whatever property willed to her and is her property at her death, be divided equally between their three children.

Under Section 163, supra, paragraph 2 of the will fully meets the requirements of the statutes. It is plain language and

does not in any way limit the estate devised to Alice Kate Elliott either by "express words" or otherwise.

■ It is fundamental that in construing a will the principal objective is to arrive at and give effect to the intention of the testator. We find that paragraph 2 of the will is clear and unambiguous. The plaintiffs in error have filed an able and exhaustive brief which quotes generously from the courts of many states. While we have found no cases where the wording of the will being construed are exactly as the wording of the will here under consideration, this Court has construed wills very similar which involve the same rules of construction.

In Dannenburg v. Dannenburg, Okl., 271 P.2d 345, 346, it is said:

"Where an estate has been given in an earlier part of the will and is clear and definite, construction will not give a strained and unnatural effect to the language occurring in subsequent paragraphs in order to cut down or impair the integrity of the gift, where the subsequent language is not definite and certain, but, on the other hand, is doubtful and ambiguous."

■ In Noble v. Noble, 205 Okl. 91, 235 P.2d 670, 674, 26 A.L.R.2d 1200, the testator had given his wife a life. estate in residuary property and in a later paragraph of the will he provided that she be allowed enough for her support and maintenance which would have decreased her full life estate. The Court said:

" * * * We think the rule laid down in that case, that an estate given in clear and decisive terms will not be taken away or cut down by subsequent clause, unless the subsequent clause is as positive as the words giving the estate, is the proper one."

Again in In re Friss' Will and Estate, 45 Okl. 399, 149 P. 1176, the Court said:

"In construing wills, it is a well-settled rule that, where an absolute estate or a certain specific interest is given in one or more provisions in reasonably clear and unambiguous language, this interest or estate will not be cut down, affected, impaired, or qualified in another provision by inference or an inaccurate recital of, or reference to, its contents in other parts; and such gifts will be impaired or cut down only when such language tending to affect same is clear and certain as the language creating the gift."

Defendants contend that a devise in fee simple will not be cut down by an attempted gift over of a remainder, and cites in support of this contention, 17 A.L.R.2d. Annotations, p. 14, wherein it is said:

"The rule which prevails in most jurisdictions of this country, and is consistently adhered to in England, runs to the effect that where real estate is granted or devised in language sufficient to carry the fee, and is construed to so operate (and as well where the general property in personalty, analogous to a fee in land, is transferred or bequeathed), a purported limitation over of so much of the property as is not disposed of by the first taker, or of all of it if not disposed of, is wholly void, and this irrespective of whether or not it was intended that he might make disposition by either deed or will, or only by deed or other transaction inter vivos, and also without regard to whether or not the contingency of nondisposition is joined with some other, such as death without leaving issue surviving. * * * *"

They also cite 96 C.J.S. Wills § 825, p. 258:

"Where, however, there is a clear devise of a fee simple, an attempted gift over is void and the clear fee simple will not be cut down by such void and repugnant remainder or gift over, whether the gift over is expressed to be of what remains, or may be left, or of that part or portion of the estate which is unexpended, or the residue, or where the gift over is to take effect on the death of the first

taker without his having disposed of the property. The rule that a purported gift over does not cut down the fee has been applied where the first devise created a fee by implication from an unqualified power of disposal, or where a fee was created by statutory presumption from a general or indefinite devise, although if the power of a disposal is qualified the gift over may be valid and the fee simple be reduced to a lesser estate even in a case where there would otherwise be a fee simple by statutory presumption from a general or indefinite devise. It is only where there is a simple devise without words of inheritance or any power of disposal, or any other provision showing an intent to create an absolute estate in the first taker, that a gift over may overcome a presumption raised by statute that an absolute estate was intended in the first devisee."

The recent case of Hicks v. Fairbanks' Heirs, 208 Okl. 346, 256 P.2d 169, is cited where this Court held that:

"Where there is a devise or bequest to one in general terms only, expressing neither fee nor life estate, and there is a subsequent limitation over of what remains at the first taker's death, if there is also given to the first taker an unlimited and unrestricted power of absolute disposal, express or implied, the devise or bequest to the first taker is construed to pass a fee."

It should be noted that paragraph 2 of the will in which the testator stated, "I give and devise to my beloved wife * *" the quarter section involved in this action, is followed by paragraphs 3, 4 and 5, where a like amount of land is given to each of their three children in the same words. These are then followed by paragraph 6 which left all of the residue of his estate

to his wife. No where is there an intimation that any of these bequests are for life. Even in paragraph 7 there is no direct attempt to limit any of the bequests to a life estate. No where is a life estate mentioned.

If the testator had intended to give his wife only a life estate, the addition of a few simple words in his will would have settled that question. When in paragraph 7, the testator undertook to limit the disposition of property devised to her he spoke only of such property as the property "that shall remain her property at the time of her death." Such provision is not consistent with the contention that she was given only a life estate in the land in controversy. Any other construction leaves the last clause quoted as uncertain and ambiguous.

Again in paragraph 6 the testator gave his wife the residue of his estate, but again made no mention of a life estate. If such an estate had been intended as to the residue, it would have been logical to include such provision in paragraph 6. The only words in the will indicating an intention to limit the devise to the wife to a life estate follows the devise to her of the residue in paragraph 7.

Alice Kate Elliott disposed of the land devised in paragraph 2 by willing it to Hubert L. Elliott. It is the only land involved here. Since we hold that Alice Kate Elliott took a fee simple title under the will of her deceased husband, she had the right to dispose of it by will or any other form of conveyance.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and JOHNSON, and WILLIAMS, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.

BLACKBIRD, J., dissents.