Kenneth DARDEN, Administrator of the Estate of Ella Griffis, Deceased; Kenneth Darden, Randall Darden, and all Unknown Heirs, Executors, Administrators, Devisees, Trustees and Assigns of Ella Griffis, or Ella G. Griffis, Deceased, Plaintiffs in Error,

v.

Leila M. GRIFFIS and Ruth G. Richards, Defendants in Error.

No. 38492.

Supreme Court of Oklahoma.

Feb. 2, 1960.

Rehearing Denied March 15, 1960.

Jerome H. Blumenthal, Jack E. Gray, Oklahoma City, and Joseph A. Rarick, Norman, for plaintiffs in error.

Harry Hammerly, Robert B. Park, Chickasha, for defendants in error.

BLACKBIRD, Justice.

This appeal involves an action instituted by defendants in error, as plaintiffs (and so referred to herein) to quiet their title to two city lots in Chickasha, Oklahoma. Plaintiffs are the sisters of Ross A. Griffis, who died testate in 1946. The origin of their claimed title to the lots is in the second paragraph of said testator's will, wherein the plaintiff Ruth G. Richards is referred to as "Ruth L. Richardson" (presumably a former name), and which reads as follows:

"'Second: All of the rest, residue and remainder of my property, real and personal, of every kind, wherever situated, whether vested or contingent, at the time of my death, I devise and bequeath to my wife, Ella G. Griffis, absolutely free and clear of any condition or restriction whatever, except it is my will if Ella G. Griffis should die seized of any real property owned by me and taken under the terms of this will, it is my further will, that as to any such real property remaining undisposed of by her at her death, which she may take under the terms of this will, that said real property so undisposed of by her shall go and I hereby devise and bequeath said remaining portion of said real property to my sisters, Ruth L. Richardson and Leila M. Griffis, share and share alike. This shall not be construed as a limitation on the right of said Ella G. Griffis to sell and convey said property during her lifetime."

More than ten years after the lots were distributed to her in the probate proceedings instituted in the County Court of Grady County, following the testator's death, his widow, the above named Mrs. Ella Griffis, died intestate in May, 1958, never having disposed of the lots, and leaving as her sole and only heirs, her two sons Kenneth and Randall Darden, one of whom was later appointed administrator of her estate.

It was shortly thereafter that plaintiffs instituted this action against said administrator, as such, and he and his brother as Mrs. Griffis' only known heirs. They will hereinafter be referred to by their trial court designation of "defendants".

After alleging in their petition the fact that, on the date of Mrs. Griffis' death, the subject lots "remained entirely undisposed of by her, either by conveyance or testament * * *", plaintiffs further alleged: "* * * accordingly all of her right, title and interest within and to said real estate immediately terminated, and the plaintiffs herein became immediately vested with fee simple title in and to said real estate, as tenants in common."

Without answering said petition, defendants filed both a motion to strike the last quoted allegation, and a general demurrer to the petition as a whole. Both the motion and demurrer were overruled, and, after defendants refused to plead further and announced their intention of standing, or relying, on the demurrer, the trial court sustained plaintiffs' motion for judgment. From said judgment for plaintiffs, defendants have perfected the present appeal.

In defendants' first proposition for reversal, they urge error in the trial court's overruling of their above-mentioned motion to strike, on the ground that the quoted allegation, at which it was directed, was merely a conclusion of law and not a proper part of plaintiffs' petition. However, it appears that the real basis of defendants' complaint about the subject allegation is one of substance rather than of form; and that they are more concerned about said allegation's being an *erroneous* conclusion—and its possible relation to the major issue of the sufficiency of plaintiffs' petition to state a cause of action—than they are about their claim that the allegation is a conclusion. Therefore, we will disregard this proposition as concerning an inconsequential matter, and go directly to the beginning, under Defendants' Proposi-

tion II, of their argument dealing with the issue whose solution will determine the erroneousness or correctness of the quoted conclusion. This hinges upon determining whether, when Mrs. Griffis died, without having disposed of the lots, the fee simple title to the lots descended, under the second paragraph of Mr. Griffis' will, to the plaintiffs, or whether said title descended, as a part of Mrs. Griffis' estate, to her heirs, the defendants.

Defendants' position that they, as Mrs. Griffis' heirs, inherited the lots, is based on the contention that the first part of the will's second paragraph constituted a devise of fee simple title to Mrs. Griffis, and that therefore there was no estate remaining in said lots, at her death, capable of being devised to plaintiffs under the last of said paragraph. In support of their argument, defendants quote the following statutes:

Title 84, O.S.1951 § 163:

"The term 'heirs,' or other words of inheritance, are not requisite to devise a fee, and a devise of real property passes all the estate of the testator, unless otherwise limited."

Title 16 O.S.1951 § 29:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

Title 84 O.S.1951 § 156:

"A clear and distinct devise or bequest cannot be affected by any reasons assigned therefor, or by any other words not equally clear and distinct, or by inference or argument from other parts of the will, or by an inaccurate recital of or reference to its contents in another part of the will."

Defendants also cite this court's opinions in the cases of Shippy v. Elliott, Okl., 327 P.2d 645, and Hicks v. Fairbanks' Heirs, 208 Okl. 346, 256 P.2d 169, as supporting their argument. They say that in determining that the wills in those cases gave the testators' widows fee simple estates in the property involved, this court "relied heavily" on the power of disposing of it also given them therein; and they infer that the power of disposal given Mrs. Griffis in the present will should also be an important consideration in arriving at a similar determination here. We do not think either of the cited cases support defendants' position. Both of the expressions they quote from the Hicks case, under this proposition, pertain to the *unlimited and unrestricted* power of *absolute* disposal given the widow by the will in that case; while here, the power of disposal given Mrs. Griffis was limited to disposal inter vivos, or during her lifetime. In the Shippy case, we were of the opinion that the wording of paragraph (7) of the testator's will, relied upon to reduce to a life estate, the fee simple title ostensibly devised his wife by paragraph (2) of said will, was not sufficient for that purpose. Accordingly, under the statutes and rules cited there, we held that the will gave said wife such an estate, to the exclusion of the couple's three children.

In the present case, the estate devised to Mrs. Griffis by the first part of the second paragraph of her husband's will is limited by the express wording of the last part of said paragraph; and the language used in the latter is equally as definite and certain as that used in the former. Here, the devise to plaintiffs does not depend for its efficacy on so-called precatory words, but contains the word "devise" which we found missing from paragraph (7) of the will involved in the Shippy case, supra.

 Defendants concede that it was the testator's clear intention for plaintiffs to have the lots after Mrs. Griffis' death, but they maintain that his said intention and desire must be frustrated by operation of law, *regardless of the clarity of his expression*. To us, this position seems indefensible and not in accord with the statutes and rules governing the interpretation of wills previously adhered to by this court. Plaintiffs cite Cobb v. Newman, 201 Okl. 318, 205 P.2d 858, as squarely in point. There this court recognized that a will's devise of a fee to a first devisee may be qualified by

a devise to another devisee, in the same will, of a fee simple absolute, to take effect upon a contingency. Defendants concede that qualified fees followed by executory interests can be validly created, but they say the testator "chose the wrong technique to accomplish his end." They further say: "Instead of a life estate, he chose to give his wife a fee, and estate of inheritance." The weakness of defendants' entire argument lies in their assumption that, by the second paragraph of Mr. Griffis' will, he devised to his wife a fee simple absolute. They cite no case in which this court has ever so construed such a testamentary provision. Nor do they show how it is incompatible, instead of compatible, with the hereinbefore quoted statutes. Plaintiffs cite In re Inheritance Tax on Dale's Estate, 167 Okl. 240, 29 P.2d 88, in which this court held:

> "Where a devise or bequest is in general terms only, expressing neither fee nor life estate, with a subsequent limitation over of what remains at the taker's death, if there is also given to the taker an express or implied power of disposition which is not absolute, or is limited or restricted in its exercise, the devise is construed to pass a life estate only."

Clearly, the estate devised Mrs. Griffis, by the will in question, did not include an absolute estate of inheritance in that as long as it remained in her, it was terminable by her death. By its second paragraph's specific wording, the testator, himself, preempted any testamentary disposition of it by her. In this respect Mrs. Griffis had something less or different than the usual fee simple absolute. Having arrived at this conclusion, it is unnecessary to notice defendants' many further arguments based on the assumed premise that she was devised a complete and unqualified fee. And, whether her estate be called a limited, or terminable, fee, or a life estate, plaintiffs, under the will's plain wording, took the remainder in fee, or a fee simple absolute, upon her death.

In accord with the foregoing, the judgment of the trial court is hereby affirmed. .

DAVISON, C. J., and WELCH, JOHNSON, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and HALLEY, J., dissent.