Harry A. ENGLISH et al., Plaintiffs in Error,

v.

Ilda RAINWATER et al., Defendants in Error.

No. 40664.

Supreme Court of Oklahoma.

Feb. 16, 1965.

Rehearing Denied June 22, 1965.

Patricia Kerr, Oklahoma City, and Bill Wilson, W. D. Hart, Pauls Valley, for plaintiffs in error.

Chapman & Jones, Bristow, for defendants in error.

BERRY, Justice.

This appeal is from a judgment rendered against plaintiffs in a quiet title action. The facts essential to understanding of the determinative issues are disclosed by the following summation of matters reflected by the pleadings.

On May 7, 1943, William C. English died testate seized of a farm in Lincoln County described as Lots 3 and 4, and the W/2 of the SW/4 of Sec. 25, Township 16 N., Range 6 E., containing approximately 141.91 acres. After the usual provision for discharge of debts and expenses, testator left the entire remainder of his estate to his wife, Hattie R. English under the following devise:

" * * * to be and become hers for and during her natural life, with full power to her the said Hattie R. English, to sell, trade, traffic and dispose of any or all of the same, as freely as though she were the absolute owner thereof in fee simple absolute."

The succeeding clause of such will then provided that upon Hattie R. English's death all property bequeathed and devised to her "of which she is the owner" was devised and bequeathed to testator's seven named children in equal shares. This clause also contained this provision:

"That nothing herein shall be construed to prevent or interfere in any manner with my wife Hattie R. English selling or disposing of any part of said property."

The will was admitted to probate, and on July 20, 1943, a final decree was entered vesting title of the real estate in Hattie R. English in accordance with the will, and further decreeing that upon her death the property which she then owned should descend to testator's children as named in the will as residuary legatees.

On February 20, 1962, this action was brought by Harry and Charlie English as remaindermen named in the will, joined by Billy D. and Robert L. English, heirs at law of Louie F. English, deceased, one of the remaindermen named in the will. Plaintiffs alleged ownership and that they were entitled to immediate possession of the property; that Hattie R. English died May 10, 1944, without lawfully having exercised her power to sell, and upon date of her death the remaindermen named in the will became owners in fee simple and entitled to possession of their respective, undivided interests. Ilda English, now Rainwater, a remainderman named in the will, and her husband, were named as principal defendants, and charged with wrongfully having kept plaintiffs out of possession of the property. Plaintiffs asked judgment against defendants for restitution of their undivided interests in the land. A second cause of action alleged that all named defendants were claiming interests or estates in the property adverse to plaintiffs and, except as to the undivided interests acquired as remaindermen, or by virtue of being heirs or assigns of deceased remaindermen, asked the court to determine all adverse claims, decree such other defendants to have

no interest therein, and quiet plaintiffs' title as to their respective undivided interests. The Federal Land Bank of Wichita, Kansas, and owners of mineral leases were dismissed as defendants during trial by agreement, and need not be referred to herein.

Defendants answered by general and specific denial of plaintiffs' claim, and further alleged that following final decree of the probate court Hattie R. English conveyed this property by warranty deed dated November 18, 1943, to Orville, Ralph and Clell English and Ilda Rainwater; thereafter Orville, Ralph and Clell English, with their wives, conveyed to defendant by warranty deed executed January 29, 1944; as part of consideration for such conveyances the defendant assumed the mortgage indebtedness to the Federal Land Bank and also that created by a mortgage under the Emergency Farm Mortgage Act, totaling $1,843.14; as additional consideration defendant left her home in Tulsa in 1943 and moved to the property involved in order to care for Hattie English, their mother, who was ill and physically unable to provide for herself; and thereafter defendant was joined by her husband who moved to the home to assist in caring for Hattie English, all of which was without remuneration and constituted additional consideration for the conveyance by the grantor. Defendant also alleged continuous, open and notorious possession of the premises from January 29, 1944, which possession and holding was sufficiently adverse to perfect title by prescription. Other allegations relative to possession, improvement and discharge of indebtedness, and the alternative plea to impress a lien upon plaintiffs' claims, if any should be decreed, are immaterial to questions herein considered.

By their reply plaintiffs asserted the deeds in question were void, and that they were tenants in common with defendants and had no notice of defendants' adverse claim, and likewise denied any acts by defendants sufficient to constitute ouster of plaintiffs as cotenants.

The issues made were tried to the court. Plaintiffs' evidence established they were heirs named in the will mentioned, and they relied upon the final decree of the probate court to establish their right to distribution of the estate according to terms of the will upon the death of Hattie R. English, the life tenant.

Defendants' evidence established that following testator's death, Hattie English lived alone upon the property. She was in ill health, had only $11.00 per month income from old age assistance, and needed someone to live with her and care for her needs. Defendants lived in Tulsa at the time. Defendant, Ilda Rainwater, left her home and moved to the farm to care for the mother. The defendant, Louie Rainwater, remained in his employment, commuting between his job in Tulsa and his family on the farm. Ilda took care of her mother at all times until her death in May, 1944. Defendant testified their mother discussed the matter with her and her brothers prior to execution of the deed (from the mother), the agreement being that they were to care for her during her lifetime and retire the indebtedness on the farm. After the mother's deed was recorded defendant and her brothers again discussed the matter and it was agreed the brothers would deed defendant their undivided interest in consideration of defendants' assuming the entire care of their mother and likewise the indebtedness upon the property. Upon receipt of this latter deed defendants took full ownership of the property and thereafter lived upon the premises, maintained the mother, furnished medical care and upon her death paid the obligations incurred from her last illness.

Over the years defendants openly and continuously lived upon the premises, improved the property, paid taxes and claimed same as their homestead while paying on the mortgage indebtedness. There was evidence that the property was worth from $1800.00 to $2800.00 in 1943, while plaintiffs' testimony fixed the value at $3500.00–$4000.00. The evidence also showed that

after moving onto the land defendants built onto and modernized the house by installation of electricity and running water. They also fenced the farm and built outbuildings.

The trial court took the case under advisement and thereafter entered judgment finding that Hattie R. English took the entire estate for life with full and absolute power to dispose of same; that by the deed executed November 18, 1943, the grantor had attempted to make a gift or devise for the sole purpose of defeating the remaindermen's estate; that such deed was of no effect, conveyed no new interest and was void. The court further found that defendants had maintained continuous, open and notorious possession against plaintiffs, which acts of possession were sufficient to constitute ouster of their cotenants, and thereby had acquired title by prescription. Title was adjudged to be in defendants and was confirmed and quieted against all adverse claims.

Plaintiffs have appealed from the decree and judgment denying their claim and quieting title in defendants, upon the ground the trial court erred in finding that defendants acquired a prescriptive title under settled rules of law which must be applied in judging the propriety of such finding under the evidence in this case.

▮▮▮▮ We are of the opinion the trial court's finding was incorrect in view of the basis upon which such judgment was placed. We are of the opinion, however, that the judgment must be affirmed because of the often stated rule that a judgment, if correct, will not be reversed on appeal regardless of the erroneous reason or incorrect theory upon which based. In Ellis v. Williams, Okl., 297 P.2d 916, Syllabus 4 states:

"In [a] case of equitable cognizance the supreme court is not bound either by the reasoning of the trial court or its findings, but will examine the whole record, consider and weigh the evidence, and may, if the law and facts warrant, affirm the case if the trial

judge reached the correct ultimate conclusion."

Also see Mitchell v. Lindly, Okl., 351 P.2d 1063; McDaniel v. McCauley, Okl., 371 P.2d 486, and authorities therein cited.

Our statute, 16 O.S.1961, § 29 provides:

"Every estate in land which shall be granted, conveyed or demised by deed or will shall be deemed an estate in fee simple and of inheritance, unless limited by express words."

▮▮▮▮ The question involved herein has been considered many times heretofore, and it has been held consistently that:

"A devise or bequest in general terms, clothing the taker with absolute power of disposition, and with no subsequent limitation over of what remains at the taker's death to other persons, is a devise in fee."

In Re Shepard's Estate, 180 Okl. 91, 67 P.2d 954. Also see Grizzle v. Wright, 105 Okl. 294, 232 P. 947; Gormly v. Edwards, 195 Okl. 123, 155 P.2d 985; Cobb v. Newman, 201 Okl. 318, 205 P.2d 858; Shippy v. Elliott, Okl., 327 P.2d 645, quoting 96 C.J.S. Wills § 825.

In the latter decision, Syllabus 2 states:

"Where an estate is given in will by clear and decisive terms it will not be taken away or cut down by subsequent clause, unless subsequent clause is as positive as the words giving the estate."

And, in the body of the case we noted the effect of 84 O.S.1961, § 156, and quoted with approval from the cases as follows:

"In Noble v. Noble, 205 Okl. 91, 235 P.2d 670 [674], 26 A.L.R.2d 1200, the testator had given his wife a life estate in residuary property and in a later paragraph of the will he provided that she be allowed enough for her support and maintenance which would have decreased her full life estate. The Court said:

"'* * * We think the rule laid down in that case, that an estate given in

clear and decisive terms will not be taken away or cut down by subsequent clause, unless the subsequent clause is as positive as the words giving the estate, is the proper one.'

"Again in In re Friss' Will and Estate, 45 Okl. 399, 149 P. 1176, the Court said:

" 'In construing wills, it is a well-settled rule that, where an absolute estate or a certain specific interest is given in one or more provisions in reasonably clear and unambiguous language, this interest or estate will not be cut down, affected, impaired, or qualified in another provision by inference or an inaccurate recital of, or reference to, its contents in other parts; and such gifts will be impaired or cut down only when such language tending to affect same is clear and certain as the language creating the gift.' "

In view of our earlier holdings it becomes unnecessary either to multiply the supporting authorities or restate the reasoning upon which the rule is placed. Most phases of the matter may be observed in the following annotations: 2 A.L.R. 1248; 27 A.L.R. 381; 76 A.L.R. 1153; 91 A.L.R. 433; 114 A.L.R. 946; 89 A.L.R.2d 649.

■ The heretofore quoted terms of the will involved in this case wholly fail to disclose any testamentary intention to limit the devise upon any condition. Not only did the second clause of the will unequivocally vest Hattie R. English with absolute and unconditional power to dispose of the property, but the third clause reiterated that, although any property of which she died seized should descend to the named remaindermen, nothing therein should be construed as affecting the wife's right to sell or dispose of any part of the property. Under these circumstances Hattie R. English was vested with an absolute fee simple title which could be conveyed. This results from the fact that she was given a life estate coupled with the absolute power of disposition.

The only question remaining involves the trial court's finding that the deed was void by reason of being "an attempt to make a gift or devise for the sole purpose of defeating the remaindermen's estate * * *." As respects the finding that the instrument involved was an attempt to devise the land, it is sufficient to note that no effort was made to comply with the prerequisites of testamentary disposition, and the transaction in no manner could be so considered. Insofar as determination that execution of the deed amounted only to an attempt to make a gift, the incorrectness of such finding is apparent.

Plaintiffs' pleadings did not attempt to raise any issue relative to the grantor's capacity, or that the deed resulted from fraud, undue influence or overreaching on the part of defendants. Absent such an issue, the controlling question simply was whether the deed involved was supported by adequate consideration. The questioned deed recited the consideration therefor was "Love and affection and other good and valid considerations."

■■ Our cases adhere to the rule that love and affection constitute valid consideration for a deed. Shaw v. Shaw, Okl., 282 P.2d 748; Higgins v. Pipkin, Okl., 360 P.2d 231; Treece v. Treece, Okl., 366 P.2d 625. The consideration recited both love and affection and other valuable considerations. The other valuable considerations arose from the agreement for care and support of the grantor. The undisputed testimony clearly established an agreement that the grantees named in the deed were to provide care and support for the grantor. And, the evidence disclosed the discharge of the obligation created and assumed. This obligation ultimately was performed by one of the grantees under subsequent agreement with the other grantees, her brothers. We therefore determine that the consideration was sufficient.

The trial court's finding that defendants had a valid and subsisting title to the real property, and confirming and quieting same was correct and a proper final judgment.

The judgment being proper, it is immaterial that same was predicated in part upon misinterpretation of the law, the ground or reason upon which the trial court proceeded not being a subject for appellate review.

Judgment affirmed.

HALLEY, C. J., JACKSON, V. C. J., and DAVISON, JOHNSON, WILLIAMS, BLACKBIRD and IRWIN, JJ., concur.